# Husvar *v.* Delaware, Lackawanna & Western Railroad Company, Appellant.

*Negligence—Master and servant—Contributory negligence—Burden of proof—Instructions of court.*

In an action by an employee against his employer to recover damages for personal injuries, it is not error for the court to instruct the jury that the "burden of proving the plaintiff's contributory negligence is on the defendant" where the statement is made in connection with general instructions as to the burden of proof that rested on the parties, and where the jury was told

that the plaintiff could not recover if it appeared from the testimony that his negligence contributed in any degree to the accident.

Argued May 15, 1912. Appeal, No. 131, Jan. T., 1912, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1907, No. 1075, on verdict for the plaintiff in case of James C. Husvar v. Delaware, Lackawanna & Western Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass for personal injuries. Before HEYDT, P. J., specially presiding.

The opinion of the Supreme Court states the case. See also Husvar v. Delaware, Lackawanna & Western Railroad Company, 232 Pa. 278.

The jury found a verdict in favor of the plaintiff in the sum of $5,000, upon which judgment was entered. Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

*Everett Warren,* of *Warren, Knapp & O'Malley,* with him *D. R. Reese* and *J. Hayden Oliver,* for appellant.

*M. A. McGinley,* for appellee.

PER CURIAM, July 2, 1912:

At the trial the plaintiff obtained a verdict but judgment was entered by the court for the defendant non obstante veredicto. On appeal to this court the judgment was reversed and judgment entered for the plaintiff. Our order entering judgment was afterwards, on the application by the defendant, reconsidered and rescinded and in pursuance of the practice established by Hughes v. Miller, 192 Pa. 365, the record was re-

mitted with directions to the Court of Common Pleas to enter judgment.   This appeal is by the defendant.

When the case was here before, the judgment n. o. v. was reversed on the ground that while the plaintiff had shown only an unexplained accident, the deficiency of his testimony was supplied by testimony furnished by the defendant which showed that the timbers that supported the hopper, the fall of which injured the plaintiff, were in bad condition and that this testimony required the submission of the case to the jury; see Husvar v. Railroad Co., 232 Pa. 278.   The main contention of the appellant here, that it was entitled to binding instructions, was decided against it and set at rest by the prior adjudication.   The assignments of error to the charge disclose nothing that calls for reversal. The statement that "the burden of proving the plaintiff's contributory negligence is on the defendant" was made in connection with the general instruction as to the burden of proof that rested on the parties.   The jury had been before and was afterwards told that the plaintiff could not recover, if it appeared from the testimony that his negligence contributed in any degree to the accident.   This was equivalent to saying that he must present a case clear of contributory negligence.

The judgment is affirmed.