Stevens, Appellant, *v.* Allcutt.

Argued January 27, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*George H. Detweiler,* with him *Joseph H. Kifer,* for appellant.

*Harold B. Beitler,* for appellee, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, March 23, 1936:

In this action to recover damages for personal injuries the court entered judgment for defendant notwithstanding the verdict in plaintiff's favor and the latter has appealed.

Plaintiff's injuries were received in a collision between the automobile which he was driving and a truck

belonging to defendant at the intersection of two streets in the City of Philadelphia. The time was 2:30 in the morning. The distance across the intersection was 45 feet. Defendant's truck was coming from plaintiff's right and as they were approaching the intersection at the same time, consequently with the right of way. Plaintiff testified that when he came to the corner he slowed down his speed to 8 or 10 miles an hour. He said that at the corner he looked in both directions and proceeded on. Whether by the corner he meant the building line or the curb is not clear. The distance from the building line to the curb is 23 feet. It was plaintiff's duty to continue to look as he advanced into the intersection: Meitner v. Scarborough, 321 Pa. 212; Shapiro v. Grabosky, 320 Pa. 556.

Now comes the pinch of the case. Did plaintiff continue to look? In answer to this query, he said: "I looked in a more or less general way to both sides." This sort of looking does not fulfill the requirement of the law. The statement indicates that the looking was vague, not careful, attentive or searching, a mere cursory glance, not calculated to bring home knowledge of the traffic conditions in the intersection, as is shown by the fact that plaintiff when about two-thirds across drove directly into the path of the truck which he did not see until it struck him.

Plaintiff's testimony and that of his witnesses (there were three others in the Ford coupé, two on the front seat with him, one in the rumble) leaves in some doubt whether the lights were lit on the truck. The court below in its opinion characterized this evidence as to the lights on defendant's machine as "dubious." This characterization strikes us after a careful reading of the record as being an accurate one. One of the witnesses said he did not look and the other that he had a coat on top of his head to keep the air out and to protect himself from the weather. Whether the lights on the truck were lit or not plaintiff, entering the intersection, was bound

to take every reasonable precaution to safeguard himself from collision with traffic, particularly that coming from his right and having the right of way. Looking in "a more or less general way" did not fulfill this requirement of duty. As remarked by the court below, "If one is required to look, he is required to look so that he may see."

Plaintiff argues that because there were trees along the side of the street on which the truck was approaching which possibly furnished a dark background for the truck, he is to be excused for not seeing it. We cannot fathom how this would account for his not knowing of its approach at all until the truck struck him. Moreover, there was an arc light at the intersection.

The case was properly disposed of by the court below. Judgment affirmed.