## Kennedy *v.* Southern Pennsylvania Traction Company, Appellant.

Argued April 12, 1938; reargued December 2, 1938.
Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN,
STERN and BARNES, JJ.

*Arthur Littleton,* with him *Morgan, Lewis & Bockius,*
for appellant.

*Allen Spangler,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 9, 1939:
Plaintiff brought suit to recover damages for personal
injuries. He recovered a verdict in the court below. De-

fendant upon this appeal seeks to set aside the verdict upon the sole ground that the testimony of disinterested witnesses and the incontrovertible physical facts establish that plaintiff's version of the accident cannot be true, notwithstanding the verdict of the jury.

On the morning of September 26, 1931, the plaintiff was driving a heavily-laden seven-ton Mack truck southwardly on Ridge Road between Chester, Pennsylvania, and Wilmington, Delaware. His helper, Joseph McFadden, was riding with him on the front seat of the truck. A light rain was falling and the road was wet. Plaintiff was traveling at a speed between twenty-five and thirty miles an hour as he approached Aniline Village, which is a short distance south of the City of Chester. The highway is concrete and is about eighteen feet wide. To the east of the roadway and running parallel with it is the right-of-way of the defendant company, with a double set of tracks located thereon. According to plaintiff's testimony, upon approaching Aniline Village he saw an automobile parked on the right side of the road in front of him. In order to pass, it was necessary for him to turn to the left of the road. As he did so, another automobile, without warning, backed diagonally across his path, stopping abreast of the parked car, and completely blocking the highway.

The plaintiff testified that he applied his brakes in an effort to avoid a collision, pulling his truck sharply to the left and off the concrete highway, running upon a shoulder of soft earth between the highway and the trolley tracks. In so doing the truck sideswiped a telegraph pole and sheared it off, proceeded a few feet further, and fell across the tracks of the defendant company. As it came to a stop it overturned and lay upon its left side, facing the south. Plaintiff and his helper, although unhurt, were unable to extricate themselves from the cab of the truck because the door was wedged. Plaintiff stated that he looked along the tracks and saw a trolley car approaching at a speed, which he estimates, of twenty

miles an hour. It was about one hundred and fifty feet distant, with the motorman standing at the controls looking toward the overturned truck. When the trolley car came within one hundred feet of him, plaintiff said the motorman abandoned the controls and ran for safety to the rear of the car, which continued to approach without any slackening of speed. A few seconds later it crashed into the truck with sufficient force to cause severe injuries to plaintiff and his helper.

Plaintiff's version of the accident is corroborated by the testimony of his helper, Joseph McFadden. It is further supported by a disinterested witness who was driving an automobile north through Aniline Village, and who stated that he saw the truck driven by plaintiff leave the highway and turn over on the trolley tracks. At that time the trolley car was behind the witness. A moment later, he said, it passed him traveling at a speed about twenty miles an hour, and without slowing down struck the overturned truck. Various other witnesses on behalf of plaintiff corroborated in part his testimony. From the record it appears that the trolley car, when traveling at a speed of twenty miles an hour, could be brought to a stop within ten feet.

While the defendant concedes that the plaintiff's truck was forced off the highway, it denies that negligence on its part contributed to the accident. It asserts that its trolley car had been brought to a full stop when the truck, running upon the shoulder of the road after striking the telegraph pole, came to a stop and toppled over onto the car. The cab of the truck demolished the left side of the car at the front, including the door and the structure surrounding it. Some of defendant's witnesses are positive that the trolley car had been brought to a full stop, while others assert that the trolley was still moving when the collision occurred.*

---

* Defendant's witness VanArsdale testified: "Q. And the truck apparently pulled to the left on the soft shoulder, bumped against the pole that was standing there, and went along a little bit and

The issue of fact created by these conflicting accounts of the accident was submitted to the jury in a charge that was fair and adequately presented the testimony on behalf of each party. The jury rendered a verdict in favor of plaintiff, and from the refusal of the court below to grant defendant's motions for a new trial and for judgment non obstante veredicto this appeal is taken.

Defendant earnestly argues that the verdict is opposed to the testimony of disinterested witnesses, and to the incontrovertible physical facts disclosed by photographic evidence. It seems to us that it is unnecessary to discuss further the testimony of the witnesses. The record shows that there is such variance in their description of the accident that it was for the jury alone to pass upon their credibility and determine the factual question presented. In consequence defendant's case on this appeal rests primarily upon a photograph purporting to show the condition of the trolley car immediately following the accident, and which, it says, conclusively demonstrates that the collision could not have occurred in the manner claimed by plaintiff.

We have examined this photograph with care. In our opinion it does not afford, as defendant claims, "a graphic denial" of plaintiff's testimony and a substantiation of defendant's contentions. We cannot agree that the photograph shows only the left side of the trolley car to be damaged. On the contrary, it clearly reveals that the damage done to the left side was limited to an area about three feet extending from the front of the car, where the front door and the framework ap-

---

then tumbled over on the track? A. Tumbled on the trolley car, Q. You are sure that the trolley car was standing still? A. Positive."

On the other hand, its witness Burris testified: "Q. Could you say whether or not the trolley car was stopped? A. I could not say, because it looked like to me it was sliding along slowly. It might have been stopped, you understand, at the time."

pear to be torn from their supports. Again, defendant argues "if the story of Kennedy and his helper were the true one it is inconceivable that the front of the trolley would not be damaged." As we see it, extensive damage is shown to the front of the car, a part thereof having been forced loose from its base. The metal plating of the body of the car below the front windows has been driven back and dented, and the headlight is broken. Moreover, the photograph indicates that the heaviest impact occurred at the left front corner, with the damage extending to the center of the front of the car, which, it seems to us, is entirely compatible with the account of the accident given by plaintiff and his witnesses. We think this photograph falls short of establishing plaintiff's story to be untrue by the weight of incontrovertible physical facts.

The verdict is supported by the evidence of the case. The serious injuries received by plaintiff and his helper, the manner in which the heavy motor of the truck was driven into the cab, and the extent of the damage to the trolley car, are inconsistent with the assertion that the truck upset upon the car. All these circumstances are indicative of a collision where great force has been applied.

While it is the rule that the court cannot accept as true that which indisputable evidence demonstrates to be false, and judgment non obstante veredicto should be entered against a litigant whose testimony stands opposed to that of disinterested witnesses and to incontrovertible physical facts: *Lessig v. Reading T. & L. Co.*, 270 Pa. 299; *Hill v. P. R. T.*, 271 Pa. 232; *Seiwell v. Hines, Dir. Gen.*, 273 Pa. 259; *Cubitt v. New York Cent. R. R. Co.*, 278 Pa. 366; *Folger v. Pittsburgh Rys. Co.*, 291 Pa. 205; *Carlo v. Bessemer & Lake Erie R. R. Co.*, 293 Pa. 343; nevertheless it is essential that the evidence, to justify the court in applying the rule, must be "clear, positive, credible, uncontradicted, and indisputable in weight and amount." See *Hartig v. American*

*Ice Co.,* 290 Pa. 21; *Bailey v. Lavine,* 302 Pa. 273; *Ross v. Riffle,* 310 Pa. 176; *Crago v. Sickman,* 310 Pa. 546; *Keck v. P. R. T. Co.,* 314 Pa. 389. We are of opinion that this principle cannot be invoked here because the evidence fails to satisfy the requirements of the rule.

A reference may be made to one further question. While the status of plaintiff upon the right-of-way of defendant may have been that of a trespasser, the testimony of plaintiff and his witnesses was sufficient, if believed, to enable the jury to find that the motorman of the trolley car was culpably negligent. When the plaintiff's helpless predicament became apparent to him he still had sufficient time to stop the car, but instead he continued on at unabated speed and abandoned the controls of the car at the time when a collision could have been averted. See *Enright v. Pitts. R. R. Co.,* 198 Pa. 166; *Pollack v. P. R. R. Co.,* 210 Pa. 631; *Piepke v. P. & R. Ry. Co.,* 242 Pa. 321; *Trevethan v. P. & R. Ry. Co.,* 244 Pa. 414; *Petrowski v. P. & R. Ry. Co.,* 263 Pa. 531; *Cover v. Hershey Trans. Co.,* 290 Pa. 551; *Peden v. B. & O. R. R. Co.,* 324 Pa. 444.

The motion for new trial was not stressed at the argument. As it is predicated upon the same questions raised in support of the motion for judgment, it was properly refused.

Judgment affirmed.