McFadden *v.* Pennzoil Company, Appellant.

Argued September 26, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*A. B. Jobson,* with him *Edmond C. Breene,* of *Breene & Jobson,* for appellant.

*G. G. Martin,* and *Samuel N. Mogilowitz,* of *Skelly & Mogilowitz,* for appellee, were not heard.

PER CURIAM, November 27, 1939:

Appellee brought this action to recover damages for injuries suffered in alighting from appellant's motor truck, alleging that the negligence of the driver as ap-

pellant's servant was the proximate cause of the accident. Ownership of the truck was admitted, but appellant asserted that at the time of the accident the driver was the servant of an independent contractor; Arthur G. McKee & Company, and that the truck was then in the latter's exclusive control. It was also contended that appellee was a trespasser on the vehicle. At the trial it appeared that appellant had entered into a contract with the McKee Company for the construction of a reforming unit at one of appellant's plants on a "cost-plus" basis. Appellee and other laborers, employed by appellant at another plant, were instructed by their foreman to report to the foreman of the plant at which the construction was in progress. Appellee was informed at that time that he would be transferred to and from the second plant in appellant's truck. Subsequently he was transferred to the employ of the McKee Company for the duration of the construction, but the foreman's order for his transportation was not countermanded, and he continued to ride in appellant's truck to and from the operation, with the knowledge of appellant's superintendent. Although the truck and its driver had been loaned to the McKee Company by appellant, there was evidence that it was within the control of the former company only between the hours of 7:00 a. m. and 3:30 p. m., and even during that interval it was occasionally used on appellant's business.

Upon the issues thus presented the jury disagreed, and appellant moved for a judgment on the whole record under the Act of April 20, 1911, P. L. 70. The refusal of this motion by the court below is here assigned as error. Our only inquiry is whether the record discloses a case in which binding instructions for appellant would have been proper. If there was a factual issue properly submissible to the jury, judgment cannot be entered under the Act of 1911. *Zaltouski et ux. v. Scranton Rwy. Co.*, 310 Pa. 531; *Farmers & B. M. R. F. L. S. Ins. Co. v. Curran*, 65 Pa. Superior Ct. 352, 356.

Appellant's cost-plus contract required it to pay for the labor and materials used by the McKee Company in addition to an engineering fee, but it did not establish a relation of principal and agent between the two companies. The nature of such contracts has been fully discussed in *Lytle, Campbell & Co. v. Somers, Fitler & Todd Co.*, 276 Pa. 409, and *Brooks v. Buckley & Banks*, 291 Pa. 1. The McKee Company was an independent contractor.

There was ample evidence for the jury's consideration in support of appellee's contention that at the time of the injury the truck was within the control of appellant and the driver was its servant. Appellant's admission of ownership of the truck, and the fact that its name appeared thereon, raised the rebuttable presumption that the vehicle was being operated by appellant's servant upon its business. As this presumption was not negatived by appellee's own testimony, it required the submission of the question to the jury, regardless of appellant's testimony to rebut it. *Holzheimer et ux. v. Lit Brothers*, 262 Pa. 150; *Readshaw et ux. v. Montgomery*, 313 Pa. 206, 208; *Nalevanko v. Marie et al.*, 328 Pa. 586, 590-591. See also *Thatcher v. Pierce*, 281 Pa. 16; *Conley et al v. Mervis*, 324 Pa. 577. There was also ample additional testimony from which the jury could have inferred that in returning with appellee and other laborers from the construction work after 3:30 p. m., the driver of the truck was acting within the scope of his authority and was furthering appellant's business. The issue was obviously one of fact for the jury's determination. *Rosen v. Diesinger*, 306 Pa. 13. Upon all the evidence it was also clearly a jury question whether appellee was a trespasser in appellant's truck, or whether the driver had at least implied authority to invite him to ride.

The order of the court below is affirmed at appellant's cost.