## Papkin et ux., Appellants, *v.* Helfand and Katz.

Argued January 6, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Ralph S. Croskey*, with him *Alexander Henry Carver*, for appellants.

*Raymond A. White, Jr.*, for appellee.

PER CURIAM, March 22, 1943:

This is an appeal from the refusal of the court below to take off a compulsory nonsuit in an action of trespass. The wife plaintiff, Mrs. Mary Papkin, was driving her four-door sedan westerly on 65th Avenue, at or near its intersection with Smedley Street, on October 3, 1940. At the same time defendant's small coupé driven by an employee was moving north on Smedley Street. Near the middle of the intersection of these two streets these two cars collided. Mrs. Papkin testified that just prior to the accident she looked to her right and then to her left and "saw nothing coming either one way or the other or coming towards" her. The plaintiff continued on her way, and when she was "about three-quarters away across," she felt "a terrible thud," and she "heard a crash against the car." The employee who was driving defendant's car was called as a witness by the plaintiff. His testimony was to the effect that he was traveling in the center of Smedley Street just prior to the accident, that the brakes on his car were defective, and that he did not see plaintiff's car until he hit it.

The court below in its opinion refusing to take off the compulsory nonsuit correctly stated the rule of law applicable to cases of this character; quoting from *Byrne v. Schultz*, 306 Pa. 427, 433, 160 A. 125, as follows: "The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street." In *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 503, 154 A. 805, we said: "It is the duty of the driver of a street car or a motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely

to arise under the circumstances." The court below properly held that the "plaintiff's own testimony obviously convicted her of contributory negligence under the above stated well established rules of law. The only conclusion that can be drawn from her testimony is that the accident was caused, at least in part, by her own carelessness and disregard for her own safety. It was her duty in entering the intersection to *continue to look until her view of the intersecting road was sufficient to assure her that she could clear the intersection in advance of any vehicle approaching at a not unusual speed.*" It was her duty to be vigilant, to exercise a high degree of care, and to continue to look, and see what was visible, before attempting to cross. Plaintiff's testimony obviously convicts her of a failure so to continue to look as she entered the intersection. The court below also properly held that the statement of defendant's driver that the brakes of the car he was driving were defective did not relieve the plaintiff of the consequences of her own contributory negligence.

The judgment is affirmed.