Grande, Appellant, v. Wooleyhan Transport Co.

Argued November 28, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles Salkind,* for appellant.

*James McG. Mallie,* for appellee.

OPINION BY MR. JUSTICE DREW, March 25, 1946:

This is a suit in trespass brought to recover damages alleged to have been sustained as the result of the negligence of defendant. At the trial the jury disagreed, whereupon the trial court granted defendant's motion for judgment on the whole record, under the Act of April 20, 1911, P. L. 70, on the ground that plaintiff was negligent as a matter of law, and judgment was entered for defendant. Plaintiff appealed.

The entry of judgment for defendant was not proper unless the testimony disclosed a case in which binding instructions for the defendant would have been proper at the trial. Such instructions are never proper unless the evidence in the case and the reasonable inferences therefrom, when considered in the light most favorable to the plaintiff, would not justify a verdict and judgment in his favor: *Stabelli v. Somerton B. & L. Assn.,* 343 Pa. 460, 23 A. 2d 477; *McFadden v. Pennzoil Company,* 336 Pa. 301, 9 A. 2d 412.

Between 2 and 3 A. M. of October 20, 1943, a light Ford truck, driven by plaintiff, and a large truck and trailer, owned and operated by defendant, were approaching the intersection of Tacony and Bridge Streets, in the City of Philadelphia. They collided in the intersection and this suit resulted.

Immediately before the accident plaintiff was going south on Tacony Street, and defendant's truck was travelling east on Bridge Street. Their courses crossed in the intersection of the streets and it was there the collision occurred. Plaintiff's own testimony, and that of his witness, very conclusively settles the case against him by what is equal to a demonstration of his own negligence.

Plaintiff testified he approached the intersection at a speed of twenty-five miles an hour but that he reduced this to ten or fifteen miles per hour before entering the intersection. He said that when he reached the north curb line of Bridge Street he looked first to his left and then to his right, along Bridge Street; that there was no traffic approaching from his left but that on his right he noticed defendant's truck coming toward him on Bridge Street at a speed of twenty to twenty-five miles an hour and that it was then "three quarters of a block" away. There was no evidence to show how far away that was. Plaintiff testified he then entered the crossing, that he did not look again, that he drove to and over the center line of the street and that he did not look in either direction while doing so. He said he did not see defendant's truck at all after he looked the first and only time when at the north curb line of Bridge Street and that defendant's truck crashed into the right rear side of his truck. The streets were twenty-five feet wide from curb to curb.

Plaintiff's only witness, Joseph Testa, testified that he was riding on the seat of the truck at the side of plaintiff, that he saw defendant's truck approaching, that he kept it under observation all the time and that it did not increase or decrease its speed at any time. He said: "As we came to this intersection, I seen this truck, and we were going ten or fifteen miles an hour, and I got in the middle of the car rails and I seen this truck approaching on top of us. I made a yell for him to stop and he keeps going and hits us in the rear."

Plaintiff contends that when he was in the intersection he attempted to accelerate the speed of his truck by applying more gas, that the engine "stalled" and while the truck did not stop, its speed was reduced to about five miles an hour. He said if it had not been for this happening he would have cleared the intersection in safety. It is much more certain that if he had looked before proceeding over the south half of Bridge Street he would have seen what was apparent to his witness, and if he had his car under control, he would have used his brakes and stopped it and thus have prevented the collision. There is not anything in the testimony to show that he made any effort to stop his truck. And as regards the warning his own witness gave, he said that Testa was not talking to him but was talking and hollering to the other driver, and that he paid no attention to him.

We have said repeatedly that care at street crossings is the highest duty of drivers: *Johnson v. French,* 291 Pa. 437, 140 A. 133; *Byrne v. Schultz,* 306 Pa. 427, 160 A. 125, and cases there cited. This is true even when one has the right of way. We said in *Byrne v. Schultz,* supra, (p. 433): "The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look and see what is visible, before attempting to cross the intersecting street". The driver must not only look to his left and right as he enters the intersection but is it his duty to continue to look as he advances: *Meitner v. Scarborough,* 321 Pa. 212, 184 A. 81; *Shapiro v. Grabosky,* 320 Pa. 556, 184 A. 83; *Stevens v. Allcutt,* 320 Pa. 585, 184 A. 85. ". . . it is the duty of the driver of a vehicle approaching a two-way street to look *first* to his *left* and then to his *right* That is because he first enters the lane in which traffic coming from his *left* is travelling. If he sees nothing

approaching that would be likely to prove a source of danger to him, he may proceed, but as he *nears the middle of the street,* it is his duty to look to his right again before entering into the traffic lane coming from that direction": *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 162, 30 A. 2d 172. If another car is approaching in the right lane, the driver should stop unless in the exercise of care and prudence he is reasonably justified in believing he can cross ahead of it without danger of collision: *Toyer v. Hilleman,* 320 Pa. 417, 183 A. 53; *Affelgren v. Kinka,* 351 Pa. 99, 40 A. 2d 418.

In this case plaintiff did not exercise any care. He approached the intersection, entered it and was continuing over the street without looking to his right or left after leaving the curb line. He did not so much as heed the warning of his own passenger, who clearly saw the impending collision. The fact that his car "stalled", and reduced its speed, was not such an intervening cause as to excuse plaintiff's failure to continue to observe traffic in the right lane. In not looking after entering the intersection he was guilty of negligence as a matter of law.

Judgment affirmed.