Sargeant, Appellant, v. Ayers.

394

Argued January 6, 1948. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*C. Wayne Smyth*, with him *William G. Schrier* and *Lilley & Wilson*, for appellant.

*John P. Vallilee*, for appellee.

OPINION BY MR. JUSTICE JONES, March 22, 1948:

This case grows out of a suit and counterclaim for damages due to injuries to person and property suffered in a collision at a right-angle highway intersection in open country between a Ford sedan owned and driven by the plaintiff and a truck owned and operated by the defendant. At the conclusion of the plaintiff's case, the learned trial judge, on the defendant's motion, entered a compulsory nonsuit which the court en banc later refused to take off and entered a judgment in favor of the defendant and against the plaintiff for costs. It is from that judgment that the plaintiff brings this appeal.

The sole question here involved is whether the evidence adduced by the plaintiff convicts him of contributory negligence as a matter of law. In considering that question, we necessarily view the evidence in the light most favorable to the plaintiff, giving him the benefit of all reasonable inferences deducible therefrom and resolving every doubt or obscure fact in his favor: *McCreery v. Westmoreland Farm Bureau Coöperative Association*, 357 Pa. 567, 568, 55 A. 2d 399, and cases there cited.

Berwick Turnpike and Springfield-Smithfield Road, both macadamized highways of comparable importance, intersect each other at right angles in Smithfield Township, Bradford County, forming what is geographically known locally as "Ayers Corners". Berwick Turnpike runs north and south, and the Springfield-Smithfield Road, east and west. The countryside in the vicinity is slightly rolling, but, at the intersection, the highways are on a substantially level or even grade. There were no stop signs on either road at or near the intersection.

About 7 A.M. on November 4, 1941, a bright, clear, dry day, Sargeant, the plaintiff, was driving his Ford sedan along Berwick Turnpike in a northerly direction toward Ayers Corners. As he was proceeding through the intersection his automobile collided with the defendant's truck which, loaded with milk cans, was travelling eastwardly on the Springfield-Smithfield Road. As a result of the collision, the direction of travel of the plaintiff's automobile was changed so that, while it remained in an upright position, i. e., on its four wheels, it was pushed or propelled to a point along the north side of the Springfield-Smithfield Road about ninety feet east of the intersection. The defendant's truck was completely overturned, also along the north side of the same road and east of, but closer to, the intersection.

On the property at the southwest corner of the intersecting highways there was a gasoline service station with two outside gasoline pumps some few feet back from the adjacent side of each road. At the time in question a bread-delivery truck was parked in front of the service station. Several shade trees, spaced a considerable distance apart, were along the south side of the road just west of the intersection. The service station, bread-delivery truck and trees constituted the only obstructions to the views the two drivers respectively had of each other's vehicle as they approached the intersection. At a distance of about forty feet along the Berwick Turnpike, south of the intersection, the view of the

Springfield-Smithfield Road to the west (i.e., the direction from which the defendant's truck was approaching) was clear and unobstructed; and, as both roads were straight for a distance of approximately six hundred feet at Ayers Corners and as there were no continuous obstructions to a clear view, each driver had a fair and unobstructed view of the other, as the undeniable physical circumstances show, for equal and substantial distances as they approached the intersection.

The plaintiff testified that, as he neared the intersection, he looked first to his right while still sixty feet from the crossing; when approximately forty feet away, he looked to his left; then again to his right as he neared or reached the intersection; and, finally, to his left as he started across the intersection at a speed of about fifteen miles per hour. At that moment the collision occurred, with the defendant's truck striking the plaintiff's car on its side. The plaintiff also testified that at no time did he see the defendant's truck and that he did not know what had struck his automobile. Neither driver attempted to stop; and there is no evidence that either of them gave any warning of his approach.

The substantive rule of law applicable to cases involving collisions of vehicles at right-angle intersections was restated in *Papkin v. Helfand and Katz,* 346 Pa. 485, 486, 31 A. 2d 112, where *Byrne v. Schultz,* 306 Pa. 427, 433, 160 A. 125, was quoted from as follows: "The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and must look, and see what is visible, before attempting to cross the intersecting street". It was in recognition and effectuation of this principle that the learned judge of the court below, upon refusing to take off the compulsory nonsuit, correctly held that "It was the duty of both these parties to exercise reasonable care when

approaching this crossing and to look for approaching traffic from both directions". .

The burden upon the plaintiff was to establish a case of negligence on the part of the defendant, free and clear of contributory negligence of his own : *Grimes v. Yellow Cab Co.*, 344 Pa. 298, 305, 25 A. 2d 294; *Husrar v. Delaware, Lackawanna & Western Railroad Company*, 237 Pa. 295, 297, 85 A. 366. When a plaintiff's proofs conclusively show him to have been guilty of contributory negligence, a right of recovery is automatically denied him as a matter of law irrespective of how ordinarily negligent the defendant may have been. Indeed, for the purposes of this appeal, it may be taken as an established fact that the defendant was guilty of negligence which was the proximate cause of the accident. But, that fact cannot exculpate the plaintiff from the legal consequences of his own contributing fault.

On a question as to the appropriateness of a compulsory nonsuit, the pertinent inquiry is whether the plaintiff's negligence appears so irrefutably from the evidence in his own case that to permit a jury to absolve him in the circumstances would be to elevate caprice over legally conclusive fact. True enough, contributory negligence may be adjudged as a matter of law only in clear cases where the facts are indisputably fixed and there can be no reasonable doubt as to the inferences properly to be drawn from them: *McCreery v. Westmoreland Farm Bureau Co-operative Association*, supra, at p. 571, citing *Rice v. Kring*, 310 Pa. 550, 556, 165 A. 833. Or, as was stated in *Virgilio v. Walker and Brehm*, 254 Pa. 241, 244-245, 98 A. 815, ". . . a nonsuit can be entered only when it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved". But, where the facts and circumstances, ad-

duced in plaintiff's case, clearly establish his guilt of contributory negligence, as in the instant case, it is not only the right, but the duty, of a court so to declare and to enter judgment accordingly.

Here, the testimony produced by the plaintiff proves his causal negligence beyond reasonable contradiction. The incontrovertible physical circumstances make it evident that a good view of approaching vehicles was available to both drivers in time sufficient to enable each of them to act carefully for his own safety; and that, had either of them looked, he must have seen the danger imminent. The plaintiff's admitted failure to see the approaching truck is explainable only on the ground that he was inattentive; and inattention in such a situation is negligence: see *Sweet v. Rounds,* 349 Pa. 152, 156, 36 A. 2d 815. His assertion that he did not see the truck which, plainly, he should have seen is unavailing as an excuse for his lack of care in the circumstances: see *Spear and Company v. Altmyer,* 124 Pa. Superior Ct. 9, 15, 187 A. 309. After correctly applying the principles of law pertinent to the facts of the case as found most favorably to the plaintiff, the learned court below properly entered judgment for the defendant.

Judgment affirmed.