Krobot v. Ganzak, Appellant.

50

Argued November 17, 1960.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Ruth F. Cooper*, with her *Louis M. Goehring*, and *Duff, McLaughlin & Goehring*, for appellant.

*John A. Briley*, for appellee.

OPINION BY WRIGHT, J., December 14, 1960:

We are here concerned with an action in trespass to recover property damages arising out of a motor vehicle collision. From an adverse judgment of a Justice of the Peace, defendant appealed to the County Court of Allegheny County. The case was tried without a jury. After hearing the evidence, the trial judge entered judgment for the plaintiff. Defendant's exceptions were subsequently dismissed by the court en banc. This appeal followed.

The record discloses that, on July 7, 1959, at approximately 11:00 A.M., Corrine Krobot was parking her father's car[1] on the north side of Montgomery Avenue in the City of Pittsburgh. According to her testimony, she had completed the act of parking, had stopped the car between the designated white lines in a position perpendicular to the curb, and was "ready to turn off the motor". Appellant was driving his car into Montgomery Avenue from Union Avenue, in the process of which he was required to make a left turn to the west. After he had proceeded about three car lengths, the right front fender of his car came into contact with the right rear fender of the Krobot car. It

---

[1] At oral argument we called attention to the fact that the father should have been the plaintiff. Counsel for appellant stated that, in view of a stipulation made at the trial, no question was being raised in this regard.

was appellant's theory of the case that, as he was passing by, the Krobot car backed out of the parking space.

A finding by a trial judge sitting without a jury has the force and effect of a jury's verdict, and the party favored by the finding is entitled to have the evidence viewed in the light most favorable to him, and to have all conflicts in testimony resolved in his favor: *McCune v. Ellenberger*, 182 Pa. Superior Ct. 442, 127 A. 2d 791. The credibility of witnesses and the weight to be accorded to their testimony is for the trial judge, sitting without a jury: *Seligson v. Young*, 189 Pa. Superior Ct. 510, 151 A. 2d 792. We may reverse the finding of a trial judge sitting without a jury only when the testimony would have warranted binding instructions, if the case had been before a jury: *Banca D'Italia & Tr. Co. v. Giordano*, 154 Pa. Superior Ct. 452, 36 A. 2d 242.

Appellant's contention is that the finding of the trial judge "cannot possibly be true in view of demonstrated physical evidence". He argues that the instant case "comes within the incontrovertible physical facts rule", citing *Pollock v. Philadelphia Rapid Transit Co.*, 139 Pa. Superior Ct. 256, 11 A. 2d 665, and *Kennedy v. Southern Pennsylvania Traction Co.*, 333 Pa. 406, 3 A. 2d 395. The factual situation in each of those cases is readily distinguishable from that in the case at bar. Appellant urges that a photograph of the damage to his car conclusively establishes that the collision "could not possibly have occurred as related by Miss Krobot because it is physically impossible for such to be the case". However, a photograph is not an incontrovertible physical fact: *Heimbach v. Peltz*, 384 Pa. 308, 121 A. 2d 114. In the words of Judge BROSKY: "The court studied and considered the photograph . . . but did not take the position that it should supersede

the testimony of the parties involved in the accident. The photograph is another form of evidence and it was so evaluated together with other credible evidence".

In brief, the trial judge had the opportunity to appraise the credibility of the witnesses and the weight of their conflicting and contradictory testimony. We have not been persuaded that his decision, sustained by the court en banc, should be disturbed.

Judgment affirmed.

MONTGOMERY, J., dissents.