Wylie *v.* Powaski, Appellant.

286

Argued March 21, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Paul M. Robinson,* with him *David L. Robinson,* and
*Robinson, Fisher & Long,* for appellant.

*B. Patrick Costello,* with him *Smith, Best & Horn,*
for appellees.

OPINION BY MR. JUSTICE MUSMANNO, June 24, 1966:
This Court has declared repeatedly and without
modification or reservation that " '. . . "the granting of
a new trial is an inherent power and immemorial right
of the trial court and an appellate court will not find
fault with the exercise of such authority in the absence
of a clear abuse of discretion . . . One of the least as-
sailable grounds for the exercise of such power is the
trial court's conclusion that the verdict was against
the weight of the evidence and that the interests of
justice therefore require that a new trial be awarded;
especially in such a case is an appellate court reluc-
tant to interfere." ' " (*Clewell v. Pummer,* 388 Pa. 592.)
The trial judge in this case, supported by two other
judges, stated: "This Court realizes that it is not the
province of the Court to resolve conflicts in testimony.
This is the particular duty of the jury, but it is the

duty of this Court to weigh the evidence and the law and, if the jury disregards the credible evidence and does not apply the law properly, then this Court must grant a new trial. (Burd v. Pennsylvania Railroad Company, 401 Pa. 284, 292).

"It is the opinion of this Court that in this case the credible evidence including photographs of the automobiles, which were admitted into evidence in this trial, substantiated the position of the plaintiffs and that the jury by finding a verdict in favor of the defendant disregarded the credible evidence presented by the plaintiffs and that the jury's verdict was against the weight of the evidence and the law and, therefore, a new trial should be granted."

The litigation involved a conventional automobile accident, the plaintiff's car proceeding eastwardly on Route 30, the defendant's car advancing southwardly on Route 711, and both cars unceremoniously joining together in the middle of the intersection caused by those two highways intercrossing. The plaintiff's version of the collision was supported by two disinterested witnesses that the defendant failed to stop at a Stop sign and crashed into the plaintiff's car which had entered into the intersection in full accord with the rules governing safe travel on the highway. The defendant denied that the accident occurred as outlined in the plaintiff's case, and said that the plaintiff swerved to the left and struck the front end of his car when he was stopped.

The trial judge saw and heard the witnesses and was, therefore, in an excellent position to appraise and evaluate the credibility of the witnesses. A study of the record convinces us that there was no abuse of discretion in the awarding of a new trial. The order of the lower court is, therefore,

Affirmed.

288

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

The jury after hearing the conflicting evidence and after a very able and thorough charge by the trial Judge, found a verdict in favor of defendant.

The majority have correctly stated the principle of law* which applies on an appeal to this Court from an Order granting a new trial, but then fail to correctly apply it. More particularly, both the lower Court and the majority failed to penetratingly analyze the evidence and then apply the well established principles of law which are applicable thereto. The result is (1) a clear abuse of discretion and (2) an error of law upon which the lower Court based its grant of a new trial.

First, the lower Court and the majority of this Court have overlooked the most crucial point in the case. *The testimony of the plaintiff herself* disclosed that she was guilty of contributory negligence as a matter of law, and if the verdict had been for plaintiff instead of for defendant, this Court would have had to enter judgment for defendant non obstante veredicto. *Grande v. Wooleyhan Transport Co.*, 353 Pa. 535, 46 A. 2d 241; *Papkin v. Helfand and Katz*, 346 Pa. 485, 31 A. 2d 112; *Enfield v. Stout*, 400 Pa. 6, 161 A. 2d 22.

Plaintiff testified that she was driving 45 miles an hour and *although her vision was unimpeded for 400 yards in the direction from which defendant was approaching, she did not see defendant's car until just before defendant's car struck her car.* Plaintiff testified: "A. . . .I didn't notice anything to the left so

---

* The law is well settled that an appellate Court will reverse the grant or denial of a new trial only if there was a clear abuse of discretion or an error of law which controlled the outcome of the case or the grant of a new trial. *Amon v. Shemaka*, 419 Pa. 314, 318, 214 A. 2d 238; *Trimble v. Merloe*, 413 Pa. 408, 197 A. 2d 457; *DeMichiei v. Holfelder*, 410 Pa. 483, 189 A. 2d 882; *Clewell v. Pummer*, 388 Pa. 592, 131 A. 2d 375.

I proceeded on into the intersection and as, just as I came to it from—I could see this—well, side view or whatever they call it what you have, my attention was very quickly caught by this approaching car and I turned and I saw he was going to hit me and wasn't anything I could do to prevent the accident. It was inevitable, and so that is—I mean he just hit me. Q. Did you look—where were you looking as you approached this intersection, where were you looking? A. Well, straight ahead. . . . Q. Now then, how far away were you, if you can tell us, from the intersection when you first saw Mr. Powaski's automobile? A. *Was a matter of a second or so from the time I caught him out of the side until he hit me.*[*] . . . A. Well, *when I saw him coming, I—it was just a matter of seconds or so until he hit the side of the car."*

In *Grande v. Wooleyhan Transport Co.*, 353 Pa., supra, in discussing the duty of a driver on a through highway when he enters an intersection, the applicable law is well and correctly stated (pp. 538, 539): "We have said repeatedly that care at street crossings is the highest duty of drivers: Johnson v. French, 291 Pa. 437, 140 A. 133; Byrne v. Schultz, 306 Pa. 427, 160 A. 125, and cases there cited. This is true even when one has the right of way. We said in Byrne v. Schultz, supra, (p. 433): 'The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, *and must look and see what is visible*, before attempting to cross the intersecting street.' The driver must not only look to his left and right as he enters the intersection but *it is his duty to continue to look as he advances:* Meitner v. Scar-

[*] Italics throughout, ours.

290

borough, 321 Pa. 212, 184 A. 81; Shapiro v. Grabosky, 320 Pa. 556, 184 A. 83; Stevens v. Allcutt, 320 Pa. 585, 184 A. 85. . . .

"*. . . In not looking after entering the intersection he was guilty of negligence as a matter of law.*"

In *Papkin v. Helfand and Katz,* 346 Pa., supra, the Court pertinently said (pp. 486-487): ". . . Mrs. Papkin testified that just prior to the accident she looked to her right and then to her left and 'saw nothing coming either one way or the other or coming towards' her. The plaintiff continued on her way, and when she was 'about three-quarters away across,' she felt 'a terrible thud,' and she 'heard a crash against the car.'. . .

"The court below in its opinion refusing to take off the compulsory nonsuit correctly stated the rule of law applicable to cases of this character; quoting from Byrne v. Schultz, 306 Pa. 427, 433, 160 A. 125, as follows: 'The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be vigilant, must exercise a high degree of care, must have his car under complete control, and *must look, and see what is visible,* before attempting to cross the intersecting street.' In Galliano v. East Penn Electric Co., 303 Pa. 498, 503, 154 A. 805, we said: 'It is the duty of the driver of a street car or a motor vehicle at all *times* to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is reasonably likely to arise under the circumstances.' The court below properly held the '*plaintiff's own testimony obviously convicted her of contributory negligence under the above stated well established rules of law.* The only conclusion that can be drawn from her testimony is that the accident was

caused, at least in part, by her own carelessness and disregard for her own safety. It was her duty in entering the intersection to continue to look until her view of the intersecting road was sufficient to assure her that she could clear the intersection in advance of any vehicle approaching at a not unusual speed,' . . . Plaintiff's testimony obviously convicts her of a failure so to continue to look as she entered the intersection. The court below also properly held that the statement of defendant's driver that the brakes of the car he was driving were defective did not relieve the plaintiff of the consequences of her own contributory negligence."

In *Enfield v. Stout,* 400 Pa., supra, the Court said (page 12): ". . . While the driver of an automobile on a through highway may properly assume that one approaching that highway on a stop street will perform his legal duty to stop and yield the right-of-way (Rowles v. Evanuik, 350 Pa. 64, 38 A. 2d 255 (1944)), still the right-of-way on a through highway is a qualified one and the driver of an automobile thereon must take such precautions in regard to the control and speed of his car and keeping an alert lookout for cars approaching the intersection as a reasonably prudent man solicitous of his own safety would take: Martin v. Hoffman et al., 365 Pa. 364, 75 A. 2d 529 (1950). It is also argued that Donald Stout did not continue to look as he drove the truck out into the intersection. *This, of course, would constitute negligence* (Papkin v. Helfand and Katz, 346 Pa. 485, 31 A. 2d 112 (1943)), . . ."

It is clear that under plaintiffs' own version of the accident, either she was not entitled to recovery as a matter of law, or at the very least, a verdict for defendant would have been not only thoroughly justified, but inescapable.

The lower Court in its Opinion compounded its basic error by two additional errors. It justified its

grant of a new trial, first, by a reversible error of law which will be hereinafter discussed, and secondly, by stating that plaintiffs called *two* disinterested witnesses, namely, Ross and Stull, who *"substantiated in almost every respect* the testimony of the wife-plaintiff"* that defendant had entered into the intersection without stopping at the Stop sign, and that his automobile collided with plaintiffs'. This is a misrecollection, or an absolutely incorrect statement of the testimony.

Plaintiffs' witness, Ross, who owned and operated a gas station at this intersection, did so testify, but his testimony was contradicted by defendant who said that right after the accident *Ross told him* he was inside the gas station and *he did not see the accident.*

Plaintiffs' other witness, Stull, who we repeat, the lower Court stated had *substantiated plaintiffs' testimony in almost every respect, testified*—as well as stated to defendant just after the accident—*that he did not see the accident. He did not testify that defendant failed to stop at the Stop sign, or that defendant had run into the plaintiffs' automobile.*

Plaintiffs' third witness, Catherine Frederick, a passenger in the car operated by plaintiff Lenora Wylie, testified for plaintiff as follows: "A. We were just going on Ruote 30, I was so happy that I didn't have to be alone and I looked straight ahead, I never looked to the side, I never know what happened. . . ."

Defendant testified that he stopped at the corner and that as he was proceeding at about 20 miles an hour, plaintiff, going at the rate of approximately 70 miles an hour, *swerved into* the front end of his car. His wife, who was a passenger, corroborated his version of the accident and testified, inter alia, that defendant stopped at the Stop sign, and after his car got into the middle of the intersection, plaintiff *swerved into* him.

All the witnesses agreed that after the collision plaintiffs' car continued on Route 30 (along which plaintiffs had been driving) 300 or 400 feet before it pulled off the road onto the berm.

It is clear from the lower Court's Opinion that it granted a new trial principally because of its erroneous concept of the law, namely, that the pictures amounted to a *"clear, incontrovertible physical fact"* which established that the testimony of defendant and her witness as to how the accident occurred was *"impossible."* A first glance at the pictures would indicate that the plaintiffs' version of the accident was correct, viz., defendant ran into plaintiffs' car. The pictures show that plaintiffs' car was badly damaged in the center of the left side and that defendant's car was damaged in the front part.

Contrary to the belief and ruling of the lower Court, "a photograph is not an incontrovertible physical fact." *Streilein v. Vogel*, 363 Pa. 379, 384-385, 69 A. 2d 97; *Heimbach v. Peltz*, 384 Pa. 308, 121 A. 2d 114; *Krobot v. Ganzak*, 194 Pa. Superior Ct. 49, 166 A. 2d 311. For this reason alone, we would have to reverse the Order granting a new trial.

Moreover, if we analyze the pictures in the light of plaintiffs' own testimony, it is clear that if defendant's car had run into plaintiffs' car (which plaintiffs admitted was going 45 miles an hour), defendant's car would have overturned plaintiffs' car or knocked it off the road.* We repeat therefore that under plaintiffs' own evidence, either (a) she could not have recovered because of her contributory negligence, or (b) in any event, the great weight of the evidence supports the jury's verdict and inhibits the grant of a new trial.

To summarize: Under the evidence in this case and the applicable principles of law, it is crystal clear

---

* This is even clearer under defendant's evidence of plaintiffs' speed.

that for each of the aforesaid reasons the lower Court (1) erred in granting a new trial, and (2) the Order should be reversed and (3) judgment should be entered on the verdict in favor of defendant.