Getz *v.* Balliet et ux., Appellants.

442

Argued May 21, 1968. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Morris Mindlin,* with him *Jackson M. Sigmon,* and *Mindlin, Sigmon, Briody & Littner,* for appellants.

*E. Jerome Brose,* with him *Brose, Poswistilo & La-Barr,* for appellee.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

Paul L. Getz, sixteen years of age, met his death as the result of an accident while employed as a casual laborer on a farm owned by the husband and wife defendants. Alleging the accident was caused by the negligence of the defendants, this suit in trespass followed seeking damages in a wrongful death and survival action. At the trial, the jury returned a verdict for the defendants. Subsequently, the court en banc unanimously granted a new trial. From this order, the defendants appeal.

Two reasons were cited below in support of the order granting a new trial: (1) The verdict was patently against the weight of the evidence; (2) The trial judge should have ruled that the doctrine of exclusive control applied to the facts. We affirm the grant of a new trial for the first reason only.

In granting the new trial, the court below stated, inter alia: "On the record before us we are firmly of the opinion that the exoneration of defendant by the jury was in mistaken or capricious disregard to the facts of the case and resulted in a miscarriage of justice." It further stated: "We are equally shocked at the result of the trial. We are convinced that the verdict will result in a miscarriage of justice and is unconscionable." In *Clewell v. Pummer*, 388 Pa. 592, 598, 131 A. 2d 375 (1957), this Court stated: "Where a trial Judge or Court sees and hears the witnesses, it has not only an inherent fundamental and salutory power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice: [citing cases]. In such a case we will not reverse, unless there is a clear abuse of discretion or an error of law which necessarily controlled the grant of the new trial: [citing cases]." See also, *Izzi*

*v. Phila. Transportation Co.,* 412 Pa. 559, 195 A. 2d 784 (1963); *Wylie v. Powaski,* 422 Pa. 285, 220 A. 2d 842 (1966). Our review of the instant record discloses no such abuse of discretion.

This is a summary of the pertinent facts.

At the time of the accident, the husband-defendant, Paul E. Balliet, was attempting to disengage a tractor from a rotary cutter used to cut straw stubble and grass on the farm. The cutter was attached to the tractor by two horizontal bars. The motor of the tractor provided the motive power for the tractor, as well as for the blades of the cutter, but by independent mechanical means within and upon the tractor. In other words, the tractor could be moved with the attached cutter not in operation. The transmission of power from the tractor to the cutter was activated by a vertical stick-type lever within reach of the tractor driver's seat. The power was transmitted from the tractor to the blades of the cutter through a shaft protruding from the tractor which was connected to a shaft protruding from the cutter. At the connecting end of both shafts, there was a universal joint which was covered by a shield weighing approximately five pounds secured by a collar. When power was transmitted from the tractor to the cutter, the shafts, as well as the shield, rotated. In order to disconnect the shafts, it was necessary to slide back this shield.

On the occasion involved, the husband-defendant found his efforts to manually move this shield and thus disconnect the shafts were unavailing. He then decided to mount the tractor and pull it from the cutter by moving the tractor forward through its motive power. As the tractor moved, the shield, described before, suddenly broke from its fixed position, propelled upwards through the air striking Getz, who was standing several feet away, with such force that almost instant death resulted.

At trial, the husband-defendant, the only living witness to the occurrence, testified that at the instant of the accident the tractor was moving very slowly and he categorically denied that the lever which activated the transmission of power to the cutter was turned on. The court below concluded this testimony was incredible and inconsistent with the occurrence. We agree. It is plainly inconceivable that the shield would have propelled itself through the air with the force it did under the facts related by the husband-defendant. Under such circumstances, the lower court did not abuse its discretion in ordering a new trial.

However, we do not agree with the lower court that the doctrine of "exclusive control" applies to the facts presented. This doctrine, which raises an inference of negligence and shifts to the defendant the burden of going forward with the evidence "should be applied only where *all* of the following elements are present: (a) where the thing which caused the accident is under the exclusive control of or was made or manufactured by the defendant; *and* (b) the accident or injury would ordinarily not happen if the defendant exercised due care, or made or manufactured the article with due care; *and* (c) where the evidence of the cause of the injury or accident is not equally available to both parties, but is exclusively accessible to and within the possession of the defendant; *and* (d) the accident itself is very unusual or exceptional and the likelihood of harm to plaintiff or one of his class could reasonably have been foreseen and prevented by the exercise of due care; *and* (e) the general principles of negligence have not theretofore been applied to such facts." *Izzi v. Phila. Transportation Co.,* supra, at 566. In our view, the accident involved was not the type that "would ordinarily not happen if the defendant exercised due care."

We find no merit in appellants' contention that the lower court erred in submitting the issue of the wife-defendant's liability to the jury. While it is true that the fact the defendants held title to the farm as tenants by the entireties is not sufficient in itself to establish the existence of a partnership or joint enterprise in the operation of the farm (*Crunk v. Mid-State Theatres, Inc.*, 404 Pa. 22, 170 A. 2d 858 (1961)), other circumstances disclosed by the evidence clearly rendered this a jury question.

Likewise, we find no merit in the argument that the court below granted a new trial for a reason not advanced by the plaintiff in prosecuting the motion for a new trial below. It has long been established that if sufficient cause exists, a court may grant a new trial sua sponte. *Trerotola v. Philadelphia*, 346 Pa. 222, 29 A. 2d 788 (1943); *Bergen v. Lit Bros.*, 354 Pa. 535, 47 A. 2d 671 (1946). This power may be exercised even in the absence of a motion for a new trial by any party involved. *Fisher v. Brick*, 358 Pa. 260, 56 A. 2d 213 (1948).

Order affirmed.

Mr. Justice ROBERTS concurs in the result.