# Lease *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Passenger boarding car—Infant—Crowded car—Premature closing of door—Charge to jury.*

In an action against a street railway company to recover damages for personal injuries sustained by a ten year old girl, it appeared that the plaintiff, assisted by her mother, was boarding one of defendant's cars at an hour in the evening when it was crowded and a large number of people were attempting to get on, and that while she was on the step and had one hand on the rail inside

the door, her knee was caught and injured by the premature clos-
ing of the door by the conductor, who did not see her. *Held,* the
court did not err in charging the jury that it was negligence to
close the door without seeing that the doorway was clear, and in
further charging that there was no contributory negligence on the
part of either the plaintiff or her mother; and a verdict for the
plaintiff was sustained.

Argued Oct. 21, 1914. Appeals, Nos. 126 and 127, Oct.
T., 1914, by defendant, from judgment of C. P. Allegheny
Co., Oct. T., 1912, No. 1738, on verdict for plaintiffs in
case of Bernice A. Lease, a minor, by her father and next
friend Albert E. Lease, and Albert E. Lease v. The Pitts-
burgh Railways Company. Before FELL, C. J., BROWN,
MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.
SHAFER, J., filed the following opinion:

The action is for damages for injury to a girl eight or
ten years of age, who was injured by having her kneecap
broken by the closing doors of a street car of the type in
which the doors are closed by a lever operated by the
conductor. According to the evidence the girl was ac-
companied by her mother and they were about to board a
Frankstown car in the City of Pittsburgh, at an hour in
the evening when the car was crowded and there were a
large number of persons attempting to get on. The girl
was assisted up the steps of the car by her mother and
had hold with one hand of the small rail on the inside of
the door. The door was thereupon closed, the little girl
withdrawing her arm but her knee was caught by the
doors, the result of which was to make her leg stiff and
make her permanently lame. It did not appear whether
the conductor saw the girl or not, and this does not seem
to make any difference. The car was stopped at a proper
place to take on passengers and a number of people were
crowding into the car, and it was negligence to close the
door upon them without seeing that the doorway was

clear.   We are unable to see any contributory negligence either on the part of the girl or her mother.

The court in its charge stated that there was no question of contributory negligence on the part of the plaintiff or her mother, and that it was negligence to close the door without seeing that under the circumstances the doorway was clear.

Verdict for plaintiff, Bernice A. Lease, for $8,000 and Albert E. Lease for $1,000, and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the charge to the jury.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Rody P. Marshall,* with him *Oliver K. Eaton,* for appellee.

PER CURIAM, January 2, 1915:

The judgment is affirmed for the reasons stated in the opinion of Judge SHAFER.