## Plummer, Appellant, v. Hillside Coal & Iron Company et al.

Argued March 5, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*J. H. Price, S. B. Price* and *C. B. Price,* for appellant, cited: Berkey v. Berwind White Coal M. C., 229 Pa. 417; Pittsburgh Trust Company, Trustee, v. Felser, 67 Pittsburgh L. J. 37; Woelpper v. Penna. W. and P. Co., 250 Pa. 559; Clauer v. Clauer, 22 Pa. Superior Ct. 395; Lenox Coal Co. v. Duncan, 265 Pa. 572; Lee v. Jeddo Coal Co., 84 Pa. 74; Lee v. Newland, 164 Pa. 360.

*Edward W. Warren,* and with him *H. J. Connolly, John R. Wilson* and *Knapp, O'Malley, Hill and Harris,* for appellee, cited: Muzzio v. Steele, 279 Pa. 226; Noonan v. Pardee, 200 Pa. 474; Osmer v. Sheasley, 219 Pa. 390; Rabe v. Schoenberger Coal Co., 213 Pa. 252.

OPINION BY BALDRIGE, J., April 15, 1929:

On March 5, 1902, the plaintiff filed this bill in equity setting forth that she was the owner of fifty (50) acres of the surface of the London or Callender Tract, which contained one hundred forty-five (145) acres, and an undivided six-seventh (6/7ths) of the reversion of the coal, remaining after a termination of a lease, under the entire tract; and twenty-five (25) acres of the surface of the tract immediately adjacent to the London and known as the Woodbridge Tract. The coal underlying the latter tract was severed in title with the right to mine and remove,

before the plaintiff had acquired the surface. The coal under the London Tract was leased, without waiving the right of surface support, to Thomas Meredith on October 1, 1828, for the period of one hundred (100) years; the lease expired, by termination, last year. The defendants acquired mining rights as assignees of the leases under these two contiguous tracts.

The plaintiff avers that the defendants have violated the conditions in their leases and have operated the mines in such a negligent manner that the surface has caved in at various places and that some of the improvements on the land have been endangered; that the defendants had mined and removed pillar coal without authority; and that there was certain rent due and unpaid.

The plaintiff prayed (a) that an injunction be issued restraining the defendants from mining the coal; (b) that they specifically perform the covenants and stipulations in the agreement in the Meredith lease, or that the lease be declared forfeited; (c) for an accounting.

After the pleadings were filed, this case remained dormant for over ten years; then it was revived at uncertain and indefinite intervals during a period of more than fourteen years. Finally, on April 11, 1928, the relief prayed for was denied. The appellant took this appeal and filed eleven assignments of error to the rulings and decree of the lower court. The first, second, third, fourth, sixth and eleventh assignments relate to the refusal of the court to grant equitable relief; the fifth, eighth, ninth and tenth to rulings on evidence; and the seventh to the measure of damages.

The lower court found that the mining by the defendants had been carried on in a workman-like manner and according to the custom of the industry in that region; that the broken surface or "pot holes" were not the result of unskillful mining, except, possibly, in one instance which occurred twenty-five or thirty

years ago, by a party not of record to this action; that the affected land is wild and unimproved; and that the "pot holes" were along the outcrops where the cover is very shallow, and therefore the conditions complained of were incident to the operation of the mine where the veins approached the surface. As one of the witnesses stated, "The chambers were mined near the crop of the vein and the overlying rock deteriorated and fell in the mine where the caves or 'pot holes' are."

The witnesses on both sides testified that the cavities could be readily filled and a complete restoration of the land had at a moderate cost. The lower court in an exhaustive opinion held that a court of equity was without jurisdiction as the plaintiff had an adequate remedy at law. This conclusion is in harmony with the doctrine laid down in Berkey v. Berwind-White Coal Mining Company, 220 Pa. 65. There a grantor had conveyed all the coal with the right to mine and remove the same without either waiving or reserving the right of surface support. The court held that he had no standing to maintain a bill in equity for an injunction to restrain his grantee from mining and removing the coal in such a manner as threatened to cause a subsidence or breaking of the surface, as it appeared that the anticipated injury was not of an irreparable character, that no buildings or other improvements were endangered.

In this character of cases, the surface owner must pursue his remedy at law for damages; equity does not have jurisdiction: Berkey v. Berwind-White Coal Mining Company, 229 Pa. 417; Noonan v. Pardee, 200 Pa. 474.

The appellant complains to the rejection of the letters offered in evidence on the part of the plaintiff. Their contents did not have any bearing on the issues that were raised by the pleadings and they would not have been helpful in determining the questions in-

volved. The appellant contends further that the court erred in rejecting an offer to prove an alleged agreement, between counsel in open court at the close of the first hearing in 1904, "at which time counsel for defendant stated that no injunction was necessary as no pillar coal would be mined under the plaintiff's land." This statement did not arise to the dignity of the agreement. A mere declaration, as this was, made at a trial during a discussion, by an attorney, may not be used against his client, unless it relates to the management of the litigation. To be admissible, there must be a statement made in the nature of a solemn admission so that it could be used as "a substitute for regular legal evidence": Whitmore on Evidence, section 1063; Greenleaf on Evidence, section 186.

The remaining assignment of error was directed to the court sustaining the objection to the offer by the plaintiff of a tax deed which was not accompanied by any offer of proof of the proceedings preliminary to the tax sale. The sale of real estate for the payment of taxes is a statutory proceeding and certain necessary steps must be taken to pass a good title. The mere offering of a tax deed under which one claims title is insufficient. One claiming under such a title must show a substantial compliance with all the essential requisites of the statute: Osner v. Sheasley, 219 Pa. 390. The offer was inadmissible also as there was no averment in the plaintiff's bill that he claimed ownership of the land under a tax title; the court properly rejected the offer.

As equity does not have jurisdiction, it is unnecessary to comment on the complaint that the proper measure of damages was not set up. A careful consideration of all the testimony in this case convinces us that there was no error. The assignments of error are overruled and the judgment of the lower court is affirmed.