Commonwealth *v.* Powell, Appellant.

Argued February 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Ernest F. Walker* and *B. A. Sciotto,* for appellant.

*D. P. Weimer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE WALLING, March 16, 1931:

The defendant, Frank Powell, was indicted jointly with Carl Crow and Frank Cantilla for the murder of Louis Hoffman, but was tried separately and convicted of murder of the first degree with the death penalty fixed by the jury, and, from sentence pronounced

on the verdict, he brought this appeal. The facts are sufficiently stated in the Crow Case filed herewith. We will, therefore, consider the errors here assigned.

Elmer Hoffman, a brother of the deceased, was permitted to testify that the other defendants, Crow and Cantilla, came to the Hoffman farm in the fall of 1927 and also later and made inquiries as to the manufacture and storage of liquor thereon, and tried to arrange for a supply of liquor from him, cautioned him to secrecy, etc. This was properly admitted as part of the history of the case, regardless of whether the defendants were tried jointly or separately. In support of the Commonwealth's theory of an attempted robbery, it was proper to show that the defendants or at least some of them had knowledge that whiskey was stored on the premises. The defendant could not exclude this proof by electing to be tried separately. The above refers to the first and second assignments of error.

The third assignment is to the exclusion of the testimony of defendant's witness, Amelia Bosner, by whom it was sought to prove that the Commonwealth's witness, Catherine Tanchick, had made statements inconsistent with her testimony. Miss Tanchick had not then been interrogated about the prior statements, hence, whether Amelia Bosner should have been permitted to testify thereto was, at most, a matter for the discretion of the trial judge. See Henry's Pennsylvania Trial Evidence, section 471 and cases there cited. It will be observed that the error assigned to the exclusion of the testimony of Amelia Bosner is confined to the ruling on pages 236-7 of the typewritten testimony and that no error is assigned to the subsequent exclusion of her testimony on the same question.

There is no merit in the fourth assignment of error, to the exclusion of the testimony of Doctor Ray that on some other date than July 14, 1928, he had treated the defendant for a venereal disease. We have examined the charge of the court and find it fair and adequate,

hence the fifth assignment of error cannot be sustained. Assignments of error six, seven and eight refer to detached excerpts from the charge and are without merit. The questions sought to be raised thereby have been discussed in the companion cases of Crow and Cantilla. The ninth assignment is to the refusal of a new trial which was a matter for the discretion of the lower court. The tenth and final assignment is to the sentence which properly followed the conviction. We find nothing in any of the errors assigned to warrant setting aside the conviction. The defendant was identified by Herman and Homer Hoffman as an active participant in the crime. That he went to the farm that afternoon also appears by the testimony of the two girls who accompanied the party. The Commonwealth's evidence, if credited, and that was for the jury, made out a case containing all the elements of murder of the first degree.

The assignments of error are all overruled, the judgment is affirmed and the record is ordered remitted for the purpose of execution.