Brown et vir, Appellants, *v.* George et al., Appellants.

Argued March 30, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Coleman Harrison,* for plaintiffs, appellants Nos. 82 and 86 and appellees Nos. 92 and 93.

*Arthur W. Henderson,* with him *J. R. McNary,* for defendants, appellants Nos. 92 and 93, and appellees Nos. 82 and 86.

OPINION BY MR. JUSTICE STERN, April 13, 1942:

In this action the statement of claim alleged that the wife plaintiff was in the act of boarding a streetcar when the motorman closed the doors prematurely, pinioning her between them. Her testimony and that of her witnesses supported this allegation. The motorman testified that after the front door was cleared he left his seat, put his head out of the door, and looked along the side of the car to see if the center doors were clear; he observed a man in the act of entering there, and, believing him to be the last intending passenger, he stepped back and waited five or ten seconds to allow this person time to get inside; he then shut the center doors by pushing a button which operated their closing; while so engaged he could not see if there were any passengers boarding the car through those doors. On the strength of this testimony counsel for plaintiffs, in his closing speech to the jury, argued that the motorman apparently did the best he could but defendant company was at fault in having the pushbutton in such a location that in operating it the motorman was unable to observe whether passengers at that moment were entering at the side doors. Counsel for defendant thereupon asked the court for binding instructions on the ground that plaintiffs were now depending upon a cause of action not set forth in the statement of claim. The court refused to take the case from the jury but, a verdict being rendered for plaintiffs, granted defendant a new trial on the ground that "plaintiffs attempted to ask the jury to return a verdict in their favor, in part at least, on a cause of action which was neither averred nor proved, and which could not have been asserted. Such a change of position at the very close of the trial gave the defendant neither notice nor opportunity to defend itself, and in our opinion necessitates the granting of a new trial."

The right of a court to order a new trial of its own motion is indisputable (*Commonwealth v. Gabor*, 209 Pa. 201, 58 A. 278; *Commonwealth v. Jones*, 303 Pa. 551, 554, 154 A. 480, 481), and its action in so doing will not be reversed in the absence of a clear abuse of discretion. Here the statute of limitations had run, so that plaintiffs could not, at the time of trial, have amended their statement by setting forth, as a new cause of action, alleged negligence of the defendant company in the construction of its cars or the mechanism for operating the doors. Counsel had no right to seek a verdict from the jury on a ground of recovery not permissible under the pleadings. Had defendant's counsel requested, the court might have directed the jury to disregard the argument or have withdrawn a juror and granted a continuance, but the failure to pursue either of those courses did not limit its discretionary power to order a new trial of its own motion if it thought that the jury may have been influenced by the improper appeal made to it.

Defendant sought judgment n. o. v. on the whole record, but this was properly refused because the testimony of the wife plaintiff and her witnesses definitely established an act of negligence on the part of the motorman in the premature shutting of the doors, which called for an explanation by defendant in order to refute liability: *Lease v. Pittsburgh Railways Co.,* 247 Pa. 149, 93 A. 286; *Mink v. Philadelphia Rapid Transit Co.,* 93 Pa. Superior Ct. 63. A motion for judgment n. o. v. must be based upon pleadings and evidence and not upon arguments made by counsel to the jury: see *Plummer v. Hillside Coal & Iron Co.,* 96 Pa. Superior Ct. 180, 184.

The order granting a new trial and the order refusing judgment n. o. v. are affirmed.