## Dempsey et al., Appellant, *v.* First National Bank of Scranton

Argued January 9, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

474

*Edward J. Kelly,* with him *F. Preston Badger* and *Frank J. McDonnell,* for Estate.

*Milton J. Kolansky,* with him *Joseph P. Murphy,* for original plaintiff.

OPINION BY MR. JUSTICE PATTERSON, March 25, 1946:

James J. Dempsey, Jr., appellant in Appeal No. 19, instituted this action for a writ of alternative mandamus against the First National Bank of Scranton to have certain United States treasury checks delivered to him. The bank disclaimed any title to the checks and interpleaded M. F. Sando and G. J. Burlinghof, executors and trustees of the Estate of Ellen E. McCarty, appellants in Appeal No. 24. A jury returned a verdict in favor of Dempsey. The court below refused the estate's motion for judgment, non obstante veredicto but, of its own motion, granted a new trial.

On February 27, 1942, Ellen E. McCarty, a woman about 80 years of age, had $40,633.56 deposited in a savings account in the Third National Bank of Scranton. On that day she went to the bank and instructed it to transfer the account to a new joint account in the names of "Ellen E. McCarty, or Mary G. Dempsey or James J. Dempsey, Jr." with the right of survivorship. It was assumed that the signature card was signed by all three.

On November 17, 1942, January 4, and January 9, 1943, Dempsey withdrew an aggregate of $36,000. and invested the same in United States government bonds, to be issued in the name of James J. Dempsey, Jr. or Mary G. Dempsey. Thereafter, the joint account was closed and the bonds delivered to Miss McCarty, with endorsement by Dempsey, for redemption. She delivered them to her attorney, F. Preston Badger, Esq., with the direction that he deliver them to the First National Bank of Scranton, which was done. On March 6, 1943, Dempsey wrote a letter to Mr. Heebner, cashier of said bank, instructing him to surrender the United States government bonds and have the checks in payment thereof sent to him in care of the bank, and that he would endorse them for deposit to the credit of an account in the name of Miss McCarty. Shortly thereafter, and before the account was opened, Miss McCarty died, and on March 30 Dempsey revoked his prior instructions and directed that the checks be turned over to him or his attorney. The bank refused.

Dempsey contends that the granting of new trial was error. M. F. Sando and G. J. Burlinghof, executors and trustees of the estate of Ellen E. McCarty, contend that the court erred in dismissing their motion for judgment non obstante veredicto.

Entry of judgment non obstante verdicto was properly refused. Introduction of the signature card was prima facie evidence of a gift to Dempsey. Whether he subsequently made a gift of the bonds to Miss McCarty is a question of fact to be determined by a jury and not by the court as a matter of law.

The power of the court below to order a new trial of its own motion cannot be denied. Its action in so doing will not be reversed in the absence of clear abuse of discretion: *Brown v. George*, 344 Pa. 399, 401, 25 A. 2d 691, 692.

The pleadings contain many averments unproven by the evidence. The signature of Miss McCarty to the de-

posit card was assumed, not proven. The close relationship of the parties does not appear in the evidence. Regarding the claim of the estate, the court below said: "To sustain their defense they must prove that Dempsey delivered the bonds to the deceased with intention to vest in her the title and full control thereof. From what counsel stated this proof is available. From what counsel for Dempsey said concerning the relation of the parties, the contract of deposit was the natural and logical thing for deceased to do. We . . . grant a new trial in the hope that in the next trial, the case will be fully developed in order that we may know the full truth and arrive at a just conclusion." There has been no clear abuse of discretion.

The order appealed from is affirmed.