Commonwealth, Appellant, *v.* Dennison.

Argued October 8, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Terrence F. McVerry*, Assistant District Attorney, with him *Carol Mary Los* and *Robert L. Campbell*, Assistant District Attorneys, and *Robert W. Duggan*, District Attorney, for Commonwealth, appellant.

*John J. Dean,* Assistant Public Defender, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 7, 1971:

Homer Dennison, Roger DeVaughn and Russell Sewell were indicted on the same bill by a grand jury in Allegheny County for murder and voluntary manslaughter. Motions for severance were later granted and separate trials ensued. DeVaughn was tried before a jury and was acquitted. Subsequently, Dennison was tried and convicted by a jury of murder in the first degree with the punishment fixed at life imprisonment. A motion for a new trial was filed and argued before a three-judge court sitting en banc. The motion was granted with one judge dissenting. The Commonwealth filed this appeal from the new trial order.

The Commonwealth charged that Dennison, seventeen years of age, served as the "lookout" outside of a grocery store while DeVaughn and Sewell attempted to rob the store, and that during the attempted robbery, the proprietor, Michael DeLuca, was fatally shot by Sewell. The only proof connecting Dennison with the robbery consisted of oral admissions of participation which he made to the police during questioning in the Juvenile Detention Home. Later, the same day, he gave a formal statement to the police in the Public Safety Building, but this statement failed to detail any participation on his part in the robbery.

Dennison testified at trial and denied any part in the robbery. He stated that he was walking by himself from his mother-in-law's home to the store involved to make a purchase when he met DeVaughn running down the street; that the latter told him not to go to the store because "Russell" [Sewell] had just shot "Mike"; and, that he turned around and went back with DeVaughn to his mother-in-law's home.

DeVaughn was called to testify by the defense, and while he admitted being in the grocery store at the time of the shooting, he denied any knowledge of or participation in a robbery. He also corroborated Dennison's testimony that the latter's presence in the area was just an innocent coincidence.

Two days after the robbery, DeVaughn was taken into custody and following questioning by the police, he made a statement which was recorded on a typewriter. This statement was completely at variance with his testimony at the Dennison trial. In this statement DeVaughn said that he, Dennison, and Sewell planned the robbery, and that in the course thereof Dennison aided by acting as the "lookout".[1]

During his cross-examination at trial, DeVaughn was not asked by the Commonwealth about the statement, above referred to, nor was it mentioned. However, during rebuttal and after DeVaughn had left the courthouse, the Commonwealth introduced the statement into evidence, without objection, to attack the credibility of DeVaughn's trial testimony. In awarding a new trial, a majority of the court below concluded that the admission of this statement was prejudicial error because: (1) It violated the rulings of *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620 (1968), and *Douglas v. Alabama,* 380 U.S. 415, 85 S. Ct. 1074 (1965); and (2) If the Commonwealth intended to impeach DeVaughn's trial testimony exculpating Dennison, he should have been interrogated about the statement during cross-examination and given the opportunity to deny or explain it.

In view of the circumstances, we will affirm the action of the court below in awarding a new trial on the basis of reason No. 2.

---

[1] At his trial, DeVaughn testified that this statement was coerced by the police, and the jury evidently believed him as the verdict of acquittal indicates.

The majority of the court below, including the trial judge, indicated the post-trial conclusion that admission of DeVaughn's statement for impeachment purposes without giving him the opportunity to explain was unfair in view of all the circumstances in the case.

It was once held that in order to impeach the credibility of a witness by proof of statements contradictory to his trial testimony, it was first necessary to lay grounds for the admission of the impeaching testimony by calling the witness's attention to the contradictory statements and inquiring if he had made such. However, it has been established for some years in Pennsylvania that such procedure is not mandatory and is now a matter within the sound discretion of the trial judge, subject to reversal if the discretion is abused. *Commonwealth v. Powell,* 303 Pa. 104, 154 A. 287 (1931), and *Commonwealth v. Dilsworth,* 289 Pa. 498, 137 A. 683 (1927). See also, 2 Henry Pa. Evidence §803 (4th ed. 1953), and 3 Wigmore, Evidence §1028 (3d ed. 1940). Despite the fact that the trial court failed to exercise its discretion until subsequent to trial, we will not interfere with the exercise of that discretion.

The Commonwealth complains that the issue under discussion was raised by the trial court sua sponte at the time of oral argument and not asserted in appellant's motion for a new trial. As we stated in *Getz v. Balliet,* 431 Pa. 441, 446, 246 A. 2d 108 (1968) : "[I]f sufficient cause exists, a court may grant a new trial sua sponte. Trerotola v. Phila., 346 Pa. 222, 29 A. 2d 788 (1943) ; Bergen v. Lit Bros., 354 Pa. 535, 47 A. 2d 671 (1946). This power may be exercised even in the absence of a motion for a new trial by any party involved. Fisher v. Brick, 358 Pa. 260, 56 A. 2d 213 (1948)." And such discretion will not be reversed in the absence of a clear abuse thereof. *Dempsey v. First*

*Natl. Bank of Scranton,* 353 Pa. 473, 46 A. 2d 160 (1946).

Since the case must be retried, one further matter must be noted. At trial, the court refused to permit the defense to show DeVaughn had been tried and acquitted on the same indictment. Whether or not this evidence is admissible for the limited purpose as bearing on DeVaughn's credibility at trial should be considered in the light of our decision in *Commonwealth v. Quaranta,* 295 Pa. 264, 145 A. 89 (1928).

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.