Commonwealth *v.* Gatewood, Appellant.

Argued March 23, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

400

*Francis S. Wright,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Maxine J. Stotland,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY PACKEL, J., June 15, 1972:

This appeal from the denial of *nunc pro tunc* post-trial motions is based upon (1) the unavailability of a significant part of the notes of testimony, and (2) the denial by the trial court of an offer to prove, by the attorney for a co-defendant, a prior inconsistent statement of a witness as to a material matter.

The appellant has been convicted of aggravated robbery and aggravated assault and battery in connection with the holdup of a cab driver during the first hours of May 12, 1963. At the trial, the cab driver stated that he was robbed by three passengers and identified appellant as one of the three. He admitted that his first identification of the appellant took place more than six months after the incident, when appellant stood alone at the bar of court for his preliminary hearing.

A witness, who had been convicted as an accomplice in the robbery, testified that it was the appellant and his co-defendant who had participated in the holdup.

On cross-examination, he denied that he had told counsel for the co-defendant that he knew nothing about the robbery of the cab driver.

At the completion of the Commonwealth's case, counsel for the defendant made an offer of proof of a conversation between the witness and the attorney for the co-defendant but the offer was refused by the court, which stated: "The court is of the opinion that the disadvantages of having the attorney for Bowser take the witness stand are much greater than any benefits that would accrue from, and the Commonwealth's objection is sustained." Both the defendant and co-defendant testified. The transcribed notes do not contain any part of the testimony of the two defendants, but the charge of the court which is transcribed does make reference to some of the testimony of the co-defendants who each denied presence at or participation in the robbery.

## I

Appellant asserts that a new trial is required because he has been denied due process of law in that the incomplete transcript of the lower court proceedings deprived him of a fully meaningful appeal, *Commonwealth v. Anderson*, 441 Pa. 483, 272 A. 2d 877 (1971). The missing notes span one of four days trial. The available record contains all the Commonwealth evidence and the testimony of one defense witness but does not contain the testimony of the appellant and co-defendant. The pages of the notes are consecutively numbered without revealing the deletion. The appellant's present counsel was not his trial counsel.

Although the Commonwealth contends that a summation of the testimony of the defendants, which appears in the charge of the court, supplies the required "equivalent 'picture' of what transpired below," *Com-*

*monwealth v. Anderson, supra,* 441 Pa. at 493, 272 A. 2d 882, we are not sure that the deficiency is cured that readily when such a critical part of the record is not transcribed and is only supplied by comments of the judge. However, we do not decide this issue because we are of the opinion that prejudice to the appellant's case in refusing to admit the proffered testimony warrants a new trial.

## II

There was no proper legal basis to support the exclusion of the proffered testimony of the attorney in order to impeach the credibility of an important witness for the Commonwealth. "It has always been understood that a party . . . has a right to impeach a witness for the other party by presenting prior inconsistent statements of the witness," *Farms Appeal,* 216 Pa. Superior Ct. 445, 449, 268 A. 2d 170, 173 (1970). Because the witness' knowledge of the incident was critical to the Commonwealth's case, it would have been inappropriate to exclude testimony indicating his lack of that knowledge as relating only to a collateral issue. *Mc-Goldrick v. Pa. Railroad Co.,* 430 Pa. 597, 241 A. 2d 90 (1968); *Commonwealth v. Petrillo,* 341 Pa. 209, 19 A. 2d 288 (1941); *Farms Appeal, supra.* To the extent it is still required, defense counsel laid the proper foundation for the impeaching testimony, *Commonwealth v. Dennison,* 441 Pa. 334, 272 A. 2d 180 (1971).

The right of a defendant to present testimony to impeach a witness is not affected by the fact that the testimony is that of a lawyer. The lower court incorrectly assumed that it had discretion whether to admit the testimony of counsel. Trial counsel may be a competent witness for his client. The lower court which heard post-trial motions attempted to characterize the trial action as a "ruling that had counsel testified, he

would have had to disqualify himself from further participation in the case," but nothing in the available record supports this conclusion.[1] Refusal of the testimony of co-defendant's counsel was error.

Error in the abstract does not warrant a new trial if the conclusion is inescapable that the error did not influence the jury against the accused, *Commonwealth v. Linkowski*, 363 Pa. 420, 70 A. 2d 278 (1950), or deprive him of the opportunity to persuade them in his favor.[2] In *Kotteakos v. United States*, 328 U.S. 750, 760 (1946), Mr. Justice RUTLEDGE noted that the "harmless error" doctrine ". . . comes down on its face to a very plain admonition: 'Do not be technical where technicality does not really hurt the party whose rights in trial and in its outcome the technicality affects. . .' "

We are persuaded that the excluded testimony was highly relevant and, on its face, might have influenced jury members to favor acquittal. The Commonwealth had the burden of proving that appellant was one of the men who robbed the complainant. It is unneces-

---

[1] Apparently the trial judge had in mind the general rule that if trial counsel testifies he should withdraw from his conduct of the case, *see Weiherer v. Werley*, 422 Pa. 18, 26, 221 A. 2d 133, 137 (1966); ABA, *Code of Professional Responsibility*, Canon 5, DR 5-102 (1970); *cf.* Pa. R. C. P. 222. Whether a defense attorney should refrain from testifying so that he can continue as trial counsel is a determination to be made by the defendant or by his counsel, not by the court.

[2] Counsel for appellant suggests that the error was of constitutional dimension, depriving the accused of the Sixth Amendment right (applied through the Fourteenth) to compulsory process of witnesses in criminal prosecutions, *Washington v. Texas*, 388 U.S. 14 (1967). That case held that a state statute prohibiting otherwise competent accomplices to be called as defense witnesses fell below the due process standard. However, this case does not necessarily mean that every incorrect decision by a trial court to exclude defendant's evidence in a criminal trial offends the Constitution.

sary to allude to the well known problems of reliability in eyewitness testimony to underscore the weakness of the cab driver's first identification of appellant six months after the robbery. Corroboration by the accomplice was essential to buttress the Commonwealth's case.

The refused testimony would have raised a powerful attack upon his credibility by casting doubt upon his actual knowledge of the incident and inferentially, therefore, his truthfulness in giving a detailed statement of its particulars. In light of his denial of ever advising co-defendant's counsel of a lack of knowledge of the robbery, the attorney's testimony provided the basis for a direct attack upon the veracity of the accomplice. Evidence which tended to reduce his credibility increased appellant's chance of avoiding conviction and he was therefore prejudiced by its exclusion.

In its able brief the Commonwealth suggests a plausible explanation of how the accomplice's alleged statement could be consistent with his testimony indicating knowledge of the robbery.[3] Had the Commonwealth not made its ill-founded objection to the admission of the testimony, it would have had ample opportunity to have that position reflected in the record either on cross-examination of the attorney or redirect examination of the accomplice. However, facts stated in an offer of proof must be taken as true in determining the propriety of exclusion, see *Commonwealth v. Philadelphia County,* 157 Pa. 531, 27 A. 546 (1893); *Feingold v. Katz,* 43 Pa. Superior Ct. 333 (1910). Un-

---

[3] The accomplice maintained that he left the scene when co-defendant drew a pistol and had no intention to rob. He believed he was not criminally responsible and that he was wrongly convicted. This could explain his statement as meaning "that he knew nothing of the planning and perpetuation of the robbery." Brief for Appellee at 12.

der these circumstances, where the proffered testimony on its face appears so beneficial to defendant as to render exclusion reversible error, it ill behooves us to enter a realm of conceivable speculation.

Judgment of sentence is reversed and the record is remanded for a new trial.

CERCONE, J., concurs in the result.

WRIGHT, P. J., would affirm on the opinion of Judge DOTY.

WATKINS, J., dissents.