419 A.2d 533

**COMMONWEALTH of Pennsylvania**

v.

**Eddie STEVENS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 1980.

Filed March 21, 1980.

430

Hugh C. Clark, Philadelphia, for appellant.

Robert V. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, O'BRIEN and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Civil Division, Trial Section, by the defendant–appellant, Eddie Stevens, after his conviction on the charge of third degree murder, and from the denial of posttrial motions. The defendant was sentenced on February 22, 1977 to a term of ten (10) years to twenty (20) years imprisonment. This is a direct appeal by the defendant.

On February 29, 1976, the defendant and the victim, one William Frank Talley, were inside private premises owned by one Robert Green. Other individuals were also present, many of whom were engaged in drinking and gambling. An argument erupted between the defendant and the victim over which of them would reveal his name to the other first. The defendant then pulled a gun on the visitor and shot him in the head and neck area three times at point blank range. One of the shots struck the victim in the right side of his head, slightly below and behind the right ear. The victim died as a result of these wounds.

* Justice HENRY X. O'BRIEN, of the Supreme Court of Pennsylvania and Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania are sitting by designation.

After the shooting the defendant fled the premises. He was arrested for the offense on April 9, 1976 in South Carolina and returned to Philadelphia County to stand trial. On October 14, 1976, a jury found him guilty of third degree murder. On appeal defendant raises three issues.

Defendant's first assignment of error is that it was reversible error for the prosecutor to state in his opening argument to the jury that he would prove that the defendant shot the victim for no good reason. Defendant argues that the prosecutor was expressing his personal opinion as to the reasons or, in this case, the absence of reasons for the defendant committing the homicide. This claim is devoid of merit. In his opening remarks to the jury a prosecutor may make fair deductions from the evidence expected to be presented during the testimony. *Commonwealth v. Fairbanks*, 453 Pa. 90, 306 A.2d 866 (1973). He may not make remarks which are mere assertions intended to inflame the passions of the jury. *Commonwealth v. Hoffman*, 439 Pa. 348, 266 A.2d 726 (1970).

In the instant case, unlike the situation in *Fairbanks*, supra, where the prosecutor alluded to hearsay statements which insinuated that the defendant was an "enforcer" or "executioner" for the "black mafia" in his opening remarks, the prosecutor's statement to the effect that the defendant shot and killed victim "for no good reason" was a fair deduction from the evidence expected to be presented. Indeed the testimony established that the defendant shot the victim during an argument over who was to be the first to reveal his identity to the other. This was not a good reason to shoot the victim. Therefore, the prosecutor's remark was not improper. See *Commonwealth v. Fultz*, 478 Pa. 207, 386 A.2d 513 (1978).

Defendant's second contention is that the trial court erred when it permitted the Commonwealth to present a witness in rebuttal of one of defendant's witnesses. During the trial, Robert Green testified for the Commonwealth as an eye witness to the shooting. The defendant presented

the testimony of his brother, David Hill, to attempt to show bias on the part of Robert Green. Hill testified that he had filed a private criminal complaint against Green prior to the shooting. The point of this testimony was to establish that Green had a motive for lying about Hill's brother, the defendant. On crossexamination the prosecutor asked Hill whether he had talked to the police about the homicide. To rebut this testimony the Commonwealth presented the testimony of a police detective who had interviewed Hill regarding the shooting, but had not been told anything by Hill about the conversation Hill allegedly had with Green over the criminal complaint Hill had filed against Green. Whether or not to permit rebuttal testimony is a matter within the sound discretion of the trial court. *Commonwealth v. Dennison*, 441 Pa. 334, 272 A.2d 180 (1971). In the instant case the trial court did not abuse its discretion in permitting the Commonwealth to rebut the testimony of defendant's brother. Defendant's brother attempted to show that an eye witness to the shooting was biased against the defendant because of a criminal complaint defendant's brother had filed against the witness. When asked whether he had provided this information to the police during the interview he denied talking to the police about the homicide. It was then proper for the Commonwealth to show that such an interview had indeed taken place and that Hill had not mentioned the heated conversation he supposedly had with Green during that interview. No error occurred here.

 Defendant's final argument is that it was reversible error for the prosecutor to state to the jury during closing argument that the evidence indicated that defendant had shot victim in the "back of the neck". Since the medical examiner testified at trial that the victim had been shot "in the right side of the head, slightly below and behind the right ear" the statement that the defendant had shot the victim in the "back of the neck" was justified. In his remarks to the jury a prosecutor is not limited merely to a recitation of the evidence and he may point out any legitimate inferences which may be drawn from the evidence

presented at trial. *Commonwealth v. Tucker*, 461 Pa. 191, 335 A.2d 704 (1975). Considering the description of the place of the wound given by the medical examiner it was certainly permissible to infer that defendant had shot the victim in the "back of the neck". Thus, this argument is also devoid of merit.

Judgment of sentence is affirmed.