577 A.2d 957

**Charles LUTZ, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1990.

Decided July 12, 1990.

674

James E. DePasquale, for appellant.

George Jugovic, Jr., Sp. Deputy Atty. Gen., for appellee.

Before CRUMLISH, Jr., President Judge, and PELLEGRINI, J., and SILVESTRI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

Charles Lutz appeals a Westmoreland County Common Pleas Court order dismissing post-verdict motions on his criminal conviction for violating provisions of the Solid Waste Management Act[1] (Act) and Crimes Code.[2] We affirm.

The Department of Environmental Resources (Department) agents made an unannounced, warrantless inspection of Lutz's farm to determine if he had violated Section 610(1) of the Act by dumping "solid waste" without a permit. 35 P.S. § 6018.610(1).[3] Although the suspected dumping site was located in an open field, the property was fenced, posted with no trespassing signs and accessible only by a private dirt road. After the agents had filled one of the soil sample containers, Lutz confronted them and requested an explanation for their presence. When the agents complied, Lutz did not immediately order them off his property but,

1. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101— 6018.1003.

2. 18 Pa.C.S. §§ 101—9183.

3. Section 608(3) of the Act, 35 P.S. § 6018.608(3), provides in relevant part:

> The department and its agents and employees shall:
>
> . . . .
>
> (3) Enter any building, property, premises or place where solid waste is generated, stored, processed, treated or disposed of for the purposes of making such investigation or inspection as may be necessary to ascertain the compliance or noncompliance by any person or municipality with the provisions of this act and the rules or regulations promulgated hereunder. In connection with such inspection or investigation, samples may be taken of any solid, semisolid, liquid or contained gaseous material for analysis.

instead, forcibly confiscated their camera and soil sample. Only after this altercation did he ask them to leave.[4]

In response to the Department's complaint, the Commonwealth filed a criminal information charging Lutz with violating Section 610(7) of the Act (hindering or obstructing Department agents in the course of their duty), 35 P.S. § 6018.610(7); Section 610(1) (dumping solid waste without a permit), 35 P.S. § 6018.610(1);[5] and Section 5101 of the Crimes Code (obstructing the administration of law by physical interference), 18 Pa.C.S. § 5101. Lutz filed an omnibus pre-trial motion requesting dismissal of the criminal charges, contending the Department's warrantless administrative search violated his Fourth Amendment rights. The common pleas court agreed, wherein the Commonwealth's appeal to this Court was then transferred to the Pennsylvania Supreme Court.[6]

The Supreme Court concluded that because the Act lacked reasonable administrative standards governing the inspection of "non-hazardous" solid waste, the Act's warrantless search provision was unconstitutional. *Commonwealth v. Lutz*, 512 Pa. 192, 204–05, 516 A.2d 339, 345 (1986) (*Lutz I*). In dismissing the criminal charges, the Court also concluded that the "open fields" exception to the Fourth Amendment was inapplicable to Lutz's property because the farm was protected "commercial" property.[7] *Dow Chemical Co. v. United States*, 476 U.S. 227, 106 S.Ct. 1819, 90 L.Ed.2d 226 (1986).

After granting the Commonwealth's writ of certiorari, the United States Supreme Court vacated and remanded to the Pennsylvania Supreme Court[8] in light of the recently

4. *Commonwealth v. Lutz* (No. 1222 C of 1982, filed April 29, 1983), slip op. at 6.

5. The Commonwealth later entered a nolle prosse on this charge.

6. Pursuant to Section 722(7) of the Judicial Code, 42 Pa.C.S. § 722(7), the Pennsylvania Supreme Court has exclusive jurisdiction of appeals where the common pleas court has ruled a state statute unconstitutional.

7. *Lutz I*, 512 Pa. at 195, 516 A.2d at 340.

8. 480 U.S. 927, 107 S.Ct. 1560, 94 L.Ed.2d 754 (1987).

decided *United States v. Dunn.*[9] The Pennsylvania Supreme Court subsequently remanded to the common pleas court.[10] Lutz then filed a brief opposing reinstatement of the criminal charges wherein he raised for the first time the argument that the Department's administrative search violated the Pennsylvania State Constitution. On remand, the common pleas court reinstated both charges, concluding that because the agent's observations made from an "open field" were constitutional under *Dunn,* the trial court need only determine if Lutz's action in seizing the camera and soil samples was in any way justified. Prior to trial, the common pleas court judge granted the Commonwealth's motion to amend its criminal information to include two counts of harassment. Following a non-jury trial conviction on both charges, Lutz's post-verdict motions were dismissed.

Lutz now argues[11] that, notwithstanding *Dunn*'s application here to his *federal* constitutional claims, the agent's warrantless entry and attempted property seizure violated the more zealously guarded individual liberties guaranteed by Section 8 of the Pennsylvania Constitution protecting his "possessions," including open fields.[12] *Commonwealth v.*

**9.** 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987). In *Dunn,* the United States Supreme Court reaffirmed its holding first announced in *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), that an "open field" is neither a "house" nor an "effect" and that the government's intrusion upon an open field is not an unreasonable search within the meaning of the Fourth Amendment. *Dunn* involved the unauthorized entrance by government agents onto fenced, private property where they observed from an open field, illegal drugs being manufactured in the property owner's barn. The agents later returned with a search warrant and seized evidence from the barn. The Supreme Court held that the barn and the area around it lay outside the protected curtilage of the suspect's ranch house and that, even *assuming* that the property owner had an expectation of privacy in the barn independent of the curtilage doctrine, standing outside and observing from an open field did not violate the Fourth Amendment.

**10.** 517 Pa. 481, 538 A.2d 872 (1988).

**11.** Section 762(a)(2)(ii) of the Judicial Code, 42 Pa.C.S. § 762(a)(2)(ii), vests the Commonwealth Court with exclusive jurisdiction of appeals from common pleas court criminal actions involving a regulatory statute administered by a Commonwealth agency.

**12.** Section 8 states:

*Blystone,* 519 Pa. 450, 549 A.2d 81 (1988).  Thus, he contends that the common pleas court erred in concluding that his expulsion of the agents from his property was an obstruction of justice.

■ Pennsylvania Rule of Criminal Procedure No. 306 governing omnibus pre-trial motions states that "all pretrial requests for relief shall be included in *one* omnibus pretrial motion." (Emphasis added.)  Moreover, in setting forth the requirements for filing all motions, Pa.R.Crim.P. No. 9020(b) directs that:

(b) A written motion shall comply with the following requirements:

. . . .

(2) The motion shall state with particularity the grounds for the motion, the facts that support each ground, and the types of relief or order requested.  The motion shall be divided into consecutively numbered paragraphs, each containing only one material allegation as far as practicable.

Our review of the record discloses that Lutz first raised the state constitutional claim not in his pre-trial motion but separately six years later in his brief opposing reinstatement of the criminal charges after the case had been remanded.  Thus, even if the proceedings remained at the pre-trial stage as he argues, raising this contention in a second writing contravenes Rule No. 306 and thereby prevents the trial and appellate courts from understanding at the outset the precise contentions necessary for a focused response.  *Commonwealth v. Hall,* 267 Pa. Superior Ct. 204, 406 A.2d 765 (1979).

The writing Lutz offered as a motion was specifically identified as a brief and clearly failed to conform with Rule

The people shall be secure in their persons, houses, papers and *possessions* from unreasonable searches and seizures, ...
Pa. Const. art. I, § 8 (emphasis added); whereas the Fourth Amendment of the U.S. Constitution guarantees the right of the people to be secure in their "persons, houses, papers, and *effects* ...." (Emphasis added.)

No. 9020. Because both Lutz's pre-trial and post-trial motions are specifically designated as "motions" and are otherwise in accordance with Rule No. 9020, we must conclude he was aware of these distinctions. We agree with the common pleas court that Lutz waived the state constitutional issue by failing to raise it in *one* pre-trial motion.

■ As the result of our conclusion that Lutz waived his state constitutional claim, Lutz cannot argue that the agents were unlawfully on his property and that his use of force was justified to prevent a continuing trespass. 18 Pa.C.S. § 507(a). Lutz's post-trial motion predicated dismissing the obstruction-of-justice charges *solely* on the basis that he had a state constitutional claim guaranteeing him greater individual protections. Moreover, the common pleas court was correct in its conclusion that Lutz was not justified in forcibly removing soil samples and a camera from DER agents. Section 507(c) of the Crimes Code required Lutz first to ask the agents to hand over the samples and remove themselves before using force. 18 Pa.C.S. § 507(c). Here, the evidence supports the finding that Lutz's seizure of the DER camera and bottles occurred *before* he ordered the agents off the property. Thus, we conclude the court did not err in dismissing Lutz's post-trial motions and upholding his conviction.

■ Lutz also argues that the common pleas court erred in allowing the Commonwealth to offer rebuttal testimony without first refreshing Lutz's recollection on cross-examination. The rebuttal testimony was offered to impeach Lutz's prior testimony that his relationship with the Department was heretofore cooperative. Lutz contends that this testimony was prejudicial and influenced the common pleas court's credibility determination that Lutz's use of force was for the purpose of hindering the investigation rather than to prevent a continuing trespass. The law in Pennsylvania, however, no longer requires that a witness first be cross-examined as to his prior inconsistent statement before admitting rebuttal testimony. Rather, this procedure is a matter within the trial court judge's discre-

tion. *Commonwealth v. Dennison*, 441 Pa. 334, 272 A.2d 180 (1971). Because Lutz was still present in the courtroom and could have been called to explain the apparent inconsistency, we conclude the common pleas court did not abuse its discretion. *Id.* Thus Lutz's post-trial motions were properly denied.

■ Lutz's final argument is that our Supreme Court's *Lutz I* decision on the unconstitutionality of the Department's warrantless administrative search continues to be valid. This is so, he contends, because reasonable legislative or administrative standards governing commercial property searches for non-hazardous waste had not yet been promulgated. *Donovan v. Dewey*, 452 U.S. 594, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981). In the alternative, he contends that his farm is private, non-commercial property, and that the trial court's findings do not indicate otherwise. Thus, the agents only permissible means of entry was by a validly executed warrant.

We first note that our Supreme Court expressly overruled *Lutz I* in *Department of Environmental Resources v. Blosenski Disposal Service*, 523 Pa. 274, 566 A.2d 845 (1989).[13] As to Lutz's alternative argument, Pa.R.Crim.P. No. 1123(c)(3) addressing the filing of post-verdict motions states in part that:

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:

. . . .

(3) that only the grounds contained in such motions may be raised on appeal.

**13.** In *Blosenski*, our Supreme Court held that the warrantless inspection provision of Section 608(3) was constitutionally valid under both the United States and Pennsylvania Constitutions. The Court determined that the Act's provisions addressing the need to protect the public from "improper and inadequate solid waste practices" included *all* forms of solid waste and that "the risks these substances pose to the public, coupled with the commercial operator's knowledge of those risks, justify warrantless searches of sites where they are kept." *Blosenski*, 523 Pa. at 285, 566 A.2d at 850. It concluded that unannounced, warrantless administrative inspections complied with the need for a "sufficiently comprehensive and defined" regulatory presence as mandated in *Donovan v. Dewey.*

Our careful review of Lutz's post-verdict motion in arrest of judgment discloses that he did not preserve this defense by stating it as a separate issue. Thus, by failing to comply, Lutz waived appellate review of this issue. *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979).

Accordingly, the common pleas court order is affirmed.

## ORDER

The order of the Westmoreland County Court of Common Pleas, No. 1222 C 1982, dated June 6, 1989, dismissing Lutz's post-verdict motions, is affirmed.