Pierson v. Allied Signal Inc.

*Robert E. Paul,* for plaintiffs.
*John C. McMeekin II,* for defendant.

SYLVESTER, *J.,* March 29, 2001—

## PROCEDURAL HISTORY

This matter involves a lawsuit filed by the plaintiffs and against the defendants for injuries arising out of Howard Pierson's exposure to asbestos. Trial in this case was held in June of 1998 before this court and a jury on a reverse-bifurcated basis. The jury found in favor of the plaintiffs during the Phase I causation trial.

The matter then proceeded to Phase II, the liability portion of the proceeding. After Mr. Pierson testified, defendant Allied Signal[1] moved for a compulsory non-suit arguing that the plaintiffs had failed to meet their burden of proving product identification and regular, frequent, and proximate exposure to asbestos dust. This court granted the motion following which plaintiffs filed post-verdict motions.

While the motions were pending, this court was advised to hold those motions in abeyance as the parties were attempting to settle the case. However, after the passage of approximately 18 months this court was informed in the winter of 2000 that the parties could not reach a settlement; and, therefore, the court should rule on the plaintiffs' motions.

---

1. Allied Signal is the lone remaining defendant as the other defendants named in the complaint either settled with the plaintiffs or were dismissed from the case.

Upon being so informed, this court let counsel know at a hearing held in the winter of 2000 that the court reporter who recorded the trial had left her position and that she had not prepared a transcription of either the trial or the nonsuit hearing before she had done so. This court issued a rule to show cause on the stenographer and seized several boxes of her paper tapes. The court advised counsel that without a transcript of the trial and hearing on the motions for nonsuit, it would be unable to rule on the defendant's post-verdict motions.

In response, counsel requested that it be permitted to obtain the paper tapes prepared by the stenographer who recorded the trial and present them to another stenographer to ascertain whether a viable transcript could be produced from them. The court agreed with this suggestion and the paper tapes were turned over to a stenographer the parties mutually agreed upon. Unfortunately, he was unable to read much of the tapes or provide an accurate transcript of much of the proceedings in question.

When informed of this, this court's first thought was to grant plaintiffs' motions for a new trial because the court could not provide them with the meaningful post-verdict review to which it was entitled.

The court advised counsel of its views during a hearing held in the fall of 2000. This court told the parties that it was incapable of addressing plaintiffs' post-verdict motions because it had no reliable recollection of the testimony presented at trial on account of the passage of time and the absence of the transcripts of the trial. (N.T. 11/28/00, pp. 11-12.) Counsel for both parties then advised this court that they could provide the

court with sufficient documentation in lieu of the transcripts to enable the court to rule on plaintiffs' motions. (N.T. 11/28/00, p. 12.) Both counsel also assured the court that they could agree as to what documents should be presented to the court for purposes of its review of the post-verdict motions filed in the case. (N.T. 11/28/00, p. 12.) The court reluctantly accepted what counsel stated and directed that they compile the documents they believed the court needed to review to rule on the motions in question. Prior to counsel averring that they could agree regarding what documents were to be presented to this court, it was the intention of this court to grant a new trial on account of the missing transcripts and other documentation, its inability to recreate the record, and its belief that the parties would not be able to agree as to what documents should comprise the record. A new trial was not granted at that time, however, based solely on the assurances of both counsel that they would be able to reach an agreement concerning the documents and other evidence that they intended to present to the court.

After the hearing in the fall of 2000, the parties went about the task of compiling the documents they believed could replace the missing and incomplete transcripts. However, as the court feared, a dispute has arisen between the parties regarding whether certain answers to interrogatories were shown to this court during the trial and thus comprise part of the record. See letters dated February 16, 2001 and, dated March 7, 2001, attached here as exhibits "A" and "B."

Given that the parties cannot agree as to what documents this court should review and this court cannot re-

solve this dispute, this court is granting plaintiffs a new trial. The court does so not only because of the disagreement between the parties but also because even with the records provided by counsel, it cannot resolve the issues raised in plaintiffs' post-verdict motions. The records given to this court simply fail to provide this court with sufficient information for it to rule on plaintiffs' post-trial motions.

The court further notes that the dispute between the parties concerning the interrogatories renders this court incapable of complying with Rules 1923 and 1924 of the Pennsylvania Rules of Appellate Procedure. Rules 1923 and 1924 read as follows:

*"Rule 1923. Statement In Absence Of Transcript*

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments *shall be submitted to the lower court for settlement and approval* and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

*"Rule 1924. Agreed Statement Of Record*

"In lieu of the record on appeal as defined in Rule 1921 (composition of record on appeal), the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as

are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the lower court may consider necessary fully to present the issues raised by the appeal, *shall be approved by the lower court* and shall then be certified to the appellate court as the record on appeal and transmitted thereto *by the clerk of the lower court* within the time prescribed by Rule 1931 (transmission of the record). Copies of the agreed statement and the order from which the appeal is taken may be filed as the reproduced record." (emphasis added)

When trial transcripts or the record are unavailable both of these rules mandate that the trial court approve a statement of facts that is to be submitted to the Superior Court in lieu thereof. This court avers that it will not be able to do this in this case. This anticipated inability of this court to meet the requirements of the rules cited above also supports its decision to grant a new trial insofar as the trial court's role under the two rules is mandatory. See *In re D.D.,* 409 Pa. Super. 35, 45, 597 A.2d 648, 652-53 (1991) wherein we find:

"This case presents a classic example of why each of the rules here under review mandates the participation of, and highlight the responsibility of, the trial court. Rule 1923 requires that any statement 'be submitted to the lower court for settlement and approval' and thereafter is included in the record 'by the clerk of the lower court.' Where an agreed statement of the case is prepared and signed by the parties pursuant to Rule 1924, there again it must be 'approved by the lower court' and thereafter certified and transmitted 'by the clerk of the lower court.' It is equally clear under Rule 1926 that corrections or

modifications of the record 'shall be submitted to and settled by [the lower] court.' "

It is noted that a trial court has the right to grant a new trial when the interests of justice require it. See *Commonwealth v. Powell,* 527 Pa. 288, 590 A.2d 1240 (1991) wherein the court wrote:

"This concept of 'interest of justice' has also been historically recognized as a viable ground for granting a new trial in this Commonwealth. A trial court has an 'immemorial right to giant a new trial, whenever, in its opinion, the justice of the particular case so requires.' *March v. Philadelphia & West Chester Traction Co.,* 285 Pa. 413, 416, 132 A. 355 (1926). See also, *Streilein v. Vogel,* 363 Pa. 379, 69 A.2d 97 (1949); *Frank v. W.S. Loiser & Co. Inc.,* 361 Pa. 272, 64 A.2d 829 (1949); *Frank v. Bayuk,* 322 Pa. 282, 185 A. 705 (1936). Indeed, as occurred in the instant matter, this court has expressly approved of a trial court's granting a new trial, sua sponte, for the promotion of justice, if sufficient cause exists. *Commonwealth v. Dennison,* 441 Pa. 334, 338, 272 A.2d 180, 182 (1971); *Getz v. Balliet,* 431 Pa. 441, 446, 246 A.2d 108 (1968); see also, *Bergen v. Lit Bros.,* 354 Pa. 535, 47 A.2d 671 (1946); *Trerotola v. Philadelphia,* 346 Pa. 222, 29 A.2d 788 (1943). Where it will result in the attainment of justice, a trial court may grant a new trial without the initiation of the defendant. *Fisher v. Brick,* 358 Pa. 260, 56 A.2d 213 (1948); *Commonwealth v. Jones,* 303 Pa. 551, 154 A. 480 (1931)." *Powell,* 527 Pa. at 293-94, 590 A.2d at 1242-43.

The absence of a complete transcript, the inability of the parties to agree about what the record should be comprised of and this court's inability to resolve the dispute between the parties, all require, in the interests of jus-

tice, the grant of a new trial. The plaintiffs are entitled to full and fair post-verdict review and this court, for the reason stated, cannot provide such a review.

In conclusion, in view of the parties' inability to compile a record that both sides can agree accurately reflects what this court considered when granting the defendant's motion for a nonsuit, this court's inability to resolve the conflict, and this court's anticipated inability to comply with Rules 1923 and 1924 of the Rules of Appellate Procedure, it is clear that this court cannot supply the plaintiffs with meaningful post-verdict review, something to which it is entitled. Accordingly, for the reasons stated, the plaintiffs are granted a new trial.

## ORDER

And now, March 29, 2001, it is hereby ordered and decreed that the plaintiffs are granted a new trial for the reasons stated in the attached opinion.

Judgment is entered accordingly.

---

## EXHIBIT "A"

February 16, 2001
*Via Hand Delivery*
Honorable Esther R. Sylvester
c/o John Belli, Esq.
Philadelphia Court of Common Pleas
1801 Vine Street
Room 314
Philadelphia, PA 19107
Re: Howard W. and Nancy Pierson, Sr., h/w v. Allied Signal Inc. PCCP, November Term 1997, no. 1353
Our file no.: 515449

Dear Judge Sylvester:

I am writing on behalf of Allied Signal in response to Mr. Paul's February 6, 2001 correspondence to the court attaching portions of Bendix Corporation's answers to interrogatories in the *London* matter as well as their inclusion in plaintiffs' memorandum of law in support of the motion to remove nonsuit. Counsel have *not* agreed that these interrogatories are properly included in the agreed upon record. For the reasons set forth below, Allied Signal objects to the use or consideration of this document in support of plaintiffs' motion to remove nonsuit.

In speaking with Robert Paul, Esq., he advises that Richard Myers, Esq. recalls reference to them during oral argument. There is no independent record maintained by the court or the stenographer available to the parties which would confirm their admission into evidence. Trial counsel for Allied Signal have no record of the *London* interrogatories having been admitted into evidence, let alone for what purpose. The interrogatories were not included in plaintiffs' June 3, 1998 trial exhibit list. They were not cited in plaintiffs' motion to remove nonsuit which was filed with the court on June 23, 1998. Plaintiffs' counsel did not propose to include them in the agreed upon statement of record which has been submitted to the court. Plaintiffs did not include them in a disputed statement of record, nor were they submitted to the court for settlement and approval pursuant to Pa.R.A.P. 1923. Allied's counsel was only made aware of plaintiffs' reliance on these interrogatories upon receipt of plaintiffs' memorandum of law.

In light of the lengthy two-day oral argument and the significance which plaintiffs now ascribe to the responses,

plaintiffs' failure to even reference the *London* interrogatories in support of their motion to remove the nonsuit gives rise to the strong presumption that they were *not* admitted into evidence. Any reliance upon statements which are not evidence of record is improper. The proffered statements should be disregarded in their entirety by this court.

If the court has a record or independent recollection of having received these into evidence, Allied Signal will defer to the court. However, in the absence of independent verification, Allied Signal objects to plaintiffs' unilateral inclusion in and reliance on the *London* interrogatories in support of their motion to remove the nonsuit.

If the court has any further questions or comments or wishes to address this issue in further detail, please do not hesitate to contact me.

Very truly yours,
Rawle & Henderson LLP
By: /s/John C. McMeekin II
JCM/pam
cc: Robert E. Paul, Esquire—via hand delivery

---

EXHIBIT "B"

March 7, 2001
Honorable Esther R. Sylvester
Court of Common Pleas
1801 Vine Street
Room 314
Philadelphia, PA 19107
Re: *Pierson*

Dear Judge Sylvester:

I have received Mr. McMeekin's letter of February 16 in this matter. I would note that by agreement he will provide those portions of the record for review which we did not send you except those portions he and I have subsequently agreed will be supplied by me.

This brings me to the issues in his letter. We believe that we showed you the answers to interrogatories at issue during the argument concerning the admissibility of the Rogers deposition to show that Bendix/Allied had previously conceded the point that Rogers was authorized and designated to discuss sales of Bendix brake linings. Since Mr. McMeekin disagrees that we did so you will have to resolve that issue.

However, I would note that even if he is correct that we did not introduce them at the time, I would note the following:

(1) The answers constitute a judicial admission and they should be considered pursuant to Pa.R.C.P. 1019(g) and by judicial notice.

(2) Allied proposes to rely on evidence and on the answers of Ford in *London.* These should not be considered as they are hearsay against us. Further, at this stage of the case, *i.e.,* motion for nonsuit, defendant's evidence is irrelevant. We have agreed that the Ford answers in *London* are authentic.

(3) The *London* answers on which we rely are on rebuttal to Allied's evidence and can be considered as casting doubts on Allied's assertions. Since you never reached Allied's case they were irrelevant in our case.

(4) Allied asks that you disregard its own admissions in another case, *London,* yet seeks to rely on Ford's an-

swers to discovery in that same case. This sharp practice should not be permitted.

(5) You would not have seen these answers to interrogatories in *our* case. They only became relevant when Allied sought to disavow its own admissions and deny Rogers' ability and competence to testify on the issues in question. When Allied offered the evidence of the Ford answers to interrogatories from *London* in its own case then its own answers to interrogatories in the case became relevant. Since you granted a nonsuit we never reached Allied's case or our rebuttal. These answers rebut Allied's claim that the Ford answers show Allied was not the sole source supplies of OEM & OES asbestos brake lining equipment to Ford. For, they show that Allied concedes that Rogers would be able to resolve this factual dispute. He resolved this dispute in our favor at least enough to require a jury determination.

Very truly yours,
Paul, Reich & Myers, P.C.
By: /s/ROBERT E. PAUL
REP/ar
cc: John McMeekin